## *SUPREME JUDICIAL COURT,*

#### FOR THE COUNTIES OF

# HANCOCK, WASHINGTON AND PENOBSCOT.

## *OCTOBER TERM,*

## 1820.

---

### SMALL, PLAINTIFF IN ERROR *v.* SWAIN.

The original jurisdiction of the Court of Common Pleas over the action of replevin of goods of the value of more than four pounds, given by *Stat.* 1789. *ch.* 26. is not affected by the *Stat.* 1807. *ch.* 123. enlarging the jurisdiction of Justices of the Peace.

The jurisdiction of the Court of Common Pleas in replevin is regulated by the real value of the goods, not by such price as the plaintiff may choose to affix to them :—and if an excessive value be alleged in the writ for the purpose of giving jurisdiction, the defendant may avail himself of it in abatement.

The *Statutes* 1783. *ch.* 42. and 1797. *ch.* 21. cannot be understood to give Justices of the Peace any jurisdiction in actions of replevin.

*Error,* to reverse a judgment rendered in favour of the original plaintiff, now defendant in error.

The action was replevin of divers beasts, said to have been unlawfully taken by the defendant. The issue being on the property of the plaintiff, it was found against him as to all but one cow, valued in the writ at twenty dollars; and for the taking of which the jury assessed damages at ten cents ; and judgment was thereupon rendered for the plaintiff, with full costs.

Several errors were assigned, but the cause was determined upon the first alone ;—which was, that "full costs were allowed the plaintiff in replevin, whereas the property replevied and recovered was of the value of twenty dollars only." Plea, *in nullo est erratum.*

*Abbot,* for the plaintiff in error.

The *Stat.* 1807. *c.* 123. gives to Justices of the Peace original jurisdiction of all civil actions, where the sum demanded as debt or damage does not exceed twenty dollars; and only one quarter part as much cost as damage is allowed, whenever less than that sum is recovered in actions originally commenced in the Circuit Court of Common Pleas. The object of the Statute was to compel parties, at their peril as to costs, to resort to the inferior tribunals for the decision of all petty disputes. In the present case, the only beast belonging to the plaintiff was valued in his writ at twenty dollars; and the action thus falling within the description of suits cognizable by a Justice of the Peace, it ought to have been brought there, or the costs reduced to a quarter part of the damages recovered.

*Wilson,* for the defendant in error.

MELLEN C. J. By the *Stat.* 1783. *c.* 42. which is explained by *Stat.* 1797. *c.* 21. jurisdiction was given to Justices of the Peace, of all manner of debts, trespasses and other matters wherein the title to real estate is not in question, where the *ad damnum,* or damage, was not laid or stated to exceed four pounds : and the Justice was authorized to give judgment " for such damages as he shall find the plaintiff to have sustained," not exceeding eighty shillings, and to award execution thereon in the forms of law. This Statute cannot be understood to give Justices of the Peace any jurisdiction in actions of replevin, in which the principal object of the suit is restitution of the specific chattels taken ; because it authorizes no judgment for such return, but only for damages, which, in these cases, are merely incidental to the matter in dispute.

Afterwards the Statute of 1789. *c.* 26. gave to Justices of the Peace original jurisdiction of the action of replevin, when brought by the owner of cattle taken damage feasant, or impounded to obtain a forfeiture supposed to have been incurred for their going at large in violation of law. And by the same Statute, replevin for goods or chattels taken, distrained, or attached, and claimed by a third person, in case they " are of the *value* of more than four pounds," is made originally cognizable by the Court of Common Pleas. This jurisdiction is not, in our

apprehension, affected by the *Stat.* 1807. *c.* 123. which only enlarges the powers granted to Justices of the Peace by the Statute of 1783. so far as they were limited by the *ad damnum ;* extending the sum from four pounds to twenty dollars; but embracing no new description of action. Of course the Circuit Court of Common Pleas has original jurisdiction of this class of actions of replevin, if the value of the goods exceed four pounds, though it may be less than twenty dollars ; and there is therefore no error, in this respect, in the record before us. Indeed upon the principle assumed by the plaintiff in error, the judgment ought not to be reversed; for the value of the beast, as stated in the writ, together with the damages assessed by the jury, amount to more than twenty dollars. He ought not, in this stage of the proceedings, to object that this value is fictitious. The jurisdiction of the Circuit Court of Common Pleas in replevin is regulated by the *value of the goods,*—not by such price, true or false, as parties may choose to affix to them ;—and if an excessive value had been alleged in the writ, for the purpose of giving jurisdiction to the Court, that fact should have been shewn in abatement.

*Judgment affirmed.*