RIDLON *vs.* EMERY.

The *Stat.* 1829, *ch.* 443, giving to justices of the peace jurisdiction of actions of replevin of goods not exceeding the value of twenty dollars, does not, by implication, take away any jurisdiction previously existing in the court of Common Pleas.

But should replevin now be brought originally in the court of Common Pleas, for goods of less value than twenty dollars, *it seems* the plaintiff can recover no more than a quarter of the value in costs, by a fair construction of *Stat.* 1822, *ch.* 186, *sec.* 2.

THIS case, which was briefly spoken to by *J. Shepley* for the plaintiff, and *Elden* for the defendant, is fully stated in the following opinion of the Court, which was delivered at the ensuing term in *Cumberland,* by

MELLEN C. J. This is an action of replevin for a cow, alleged to be of the value of twenty-five dollars. The defendant pleads to

Ridlon *v.* Emery.

the jurisdiction of the court, traversing the value of the cow as alleged, and averring that her value was less than twenty dollars, and that the action should have been commenced before a justice of the peace. The replication does not traverse or confess and avoid the facts averred in the plea : but merely states the substance of the writ and the commencement and entry of the action. This replication cannot be maintained. The question is whether the plea is good. The plaintiff relies upon its alleged insufficiency. In the case of *Small v. Swan,* 1 *Greenl.* 133, we particularly examined the statutes of Massachusetts of 1783, 1797 and 1807 as to the jurisdiction of justices of the peace in actions of replevin, and then decided that those statutes gave them no such jurisdiction. The act of 1789 respecting actions of replevin, which has been re-enacted in this State, gives jurisdiction to a justice only in those cases where the action was brought to replevy cattle distrained or impounded for doing damage. In all other cases the action is required by our revised act of 1821, to be commenced before the court of Common Pleas. By our statute of 1822, *ch.* 193, original and exclusive jurisdiction was given to the court of Common Pleas of all civil actions, excepting such actions wherein the Supreme Judicial Court or justices of the peace now have original jurisdiction ; but, as at that time justices of the peace had no jurisdiction of actions of replevin, such actions of course, do not fall within the exception. Thus we see that the court of Common Pleas, by the act last named, held jurisdiction of actions of replevin, and by the same section a concurrent and original jurisdiction in such actions is also given to this court. So the law remained until the act of 1829, *ch.* 443, was passed. This act declares " that each and every justice of the peace in his county is hereby authorised and empowered to hear, try and determine any action of replevin, for the replevying any goods and chattels, not exceeding the value of twenty dollars, and the same forms of writs, bonds and executions shall be used, as are used in actions of replevin in the courts of Common Pleas *mutatis mutandis.*" By this act a justice has only a concurrent jurisdiction, where the value does not exceed twenty dollars ; but not exclusive. It does not take from the court of Common Pleas any of the powers

given to it by the act of 1822 before mentioned. In the present case, therefore, the plaintiff had his election to commence the action before a justice of the peace or at the court of Common Pleas, though the value was less than twenty dollars, as the defendant contends. This review of the several statutes shews that the plea is insufficient to bar the action. The plaintiff alleges the cow to have been worth more than twenty dollars; but should a person elect to commence an action of replevin in the court of Common Pleas, where the property replevied is of less value, it is probable he would make the election at the peril of a proportion of his costs, within the fair construction of the second section of the act of 1822, ch. 186.                           *Plea adjudged insufficient.*

*Judgment that defendant answer over at the bar of this Court.*