## WASHINGTON COUNTY.

HOWE MACHINE COMPANY *vs.* BENJAMIN YORK.

Prior to the enactment of Gen. Stat. R. I. cap. 224, § 12, Justice Courts had no jurisdiction in replevin when the goods replevied exceeded fifty dollars in value.

EXCEPTIONS to the Court of Common Pleas.

Replevin for a sewing machine, whose value was laid at $67.50, brought before the Justice Court of the town of Westerly. The defendant pleaded to the jurisdiction that the property replevied exceeded fifty dollars in value. This plea was overruled and judgment was given for the plaintiff, whereupon the defendant appealed to the Court of Common Pleas. The Court of Common Pleas sustained the ruling of the court below, and submitted the questions of fact raised by the other pleas in the case to a jury, which found them in the plaintiff's favor. After verdict the case was brought by the defendant to this court on exceptions taken to the rulings of the Court of Common Pleas and allowed by the presiding judge.

*South Kingston, September* 29, 1876. DURFEE, C. J. The first exception raises the question whether, previous to the time when the General Statutes went into effect, Justice Courts had jurisdiction to issue writs of replevin where the goods and chattels to be replevied were of more than fifty dollars in value.

The Revised Statutes, cap. 168, § 1, confer upon justices of the peace " original and exclusive jurisdiction of all civil actions, legally brought before them, wherein the debt or damages de-

manded do not exceed fifty dollars," excepting certain actions among which the action of replevin is not mentioned.    The Revised Statutes, cap. 208, § 13, empower justices of the peace to issue writs of replevin where the goods and chattels to be replevied are of fifty dollars or less in value, and to try the same. Chapter 656 of the Public Laws, passed in 1867, authorizes the establishment of Justice Courts, and confers upon such courts, when established, " jurisdiction, to the exclusion of all other justices of the peace in the town, to try and determine all civil actions whatsoever, jurisdiction over which is now, or may be given to justices of the peace."    This provision conferred jurisdiction upon Justice Courts to try and determine actions of replevin when the property replevied was of the value of fifty dollars and less, but conferred no jurisdiction over such actions if the property exceeded that amount.    The same chapter (§ 11) confers upon such courts " original jurisdiction of all civil actions, legally brought before them, wherein the debt or damages demanded do not exceed one hundred dollars," excepting certain actions among which actions of replevin are not included.    If the case at bar was, when it was brought, within the jurisdiction of a Justice Court, it was so under this provision.    An action of replevin is a civil action, but it is not primarily an action to recover a debt or damages, but to recover specific chattels, and only incidentally to recover damages for their detention.    Generally, the damages awarded for their detention are merely nominal, and less than a hundred dollars might be demanded for the detention of chattels worth thousands of dollars.    The mere fact, therefore, that damages are demanded, is not a sufficient reason for holding that jurisdiction of the action was conferred by Public Laws, cap. 656, § 11, unless we are prepared to go further and hold that a Justice Court under that statute might have had jurisdiction of an action of replevin for the recovery of chattels worth thousands of dollars, if only the damages demanded for their detention were laid at less than a hundred dollars.    Manifestly such a construction would not accord with the intention of the General Assembly.    The language of the Public Laws, cap. 656, § 11, is the same as the language of the Revised Statutes, cap. 168, § 1 ; yet that jurisdiction of actions of replevin was not designed to be conferred by cap. 168, § 1, is

inferrible from the fact that it was afterwards expressly conferred in cap. 208, § 13. We think jurisdiction of the action was not conferred by the Public Laws, cap. 656, § 11. And this construction is in accordance with the construction given to similar statutes in Massachusetts and Maine. *Jordan* v. *Dennis*, 7 Met. 590 ; *Small* v. *Swain*, 1 Me. 133 ; *Ridlon* v. *Emery*, 6 Me. 261. The first exception is therefore sustained.

There were other exceptions taken, but inasmuch as no new trial will be ordered, we do not think it necessary to consider them.

The judgment of the Court of Common Pleas in favor of the plaintiff must be reversed, and judgment must be entered for the defendan, sustaining his plea in abatement to the jurisdiction with costs.

*Judgment for the defendant for his costs.*