## A. L. STONE *vs.* PETER JOHNSON and Wife.

### November 17, 1882.

**Exceptions to Rulings not set out in a Case or Bill of Exceptions.—** Exceptions to the rulings of the trial court upon the admissibility of evidence cannot be considered by this court, unless incorporated in a statement of the case or bill of exceptions. It is not sufficient that they appear in the decision and findings of the court.

Action by plaintiff in the district court for Meeker county, to recover for breach of covenants of seizin and right to convey, contained in a deed of land in that county, executed by defendants to plaintiff in March, 1879. A jury was waived, and the action tried before *Brown*, J., who ordered judgment for the plaintiff, which was entered and the defendants appealed.

No case or bill of exceptions was made, but the judge in his decision recites the following proceedings at the trial:

"Upon the trial several objections were made, and the rulings thereon reserved, and the evidence received subject to the objections, with the understanding that, when the rulings should be finally made, the party against whom they should be made should be considered as objecting thereto. The following are the principal ones of these, viz.:

"The defendants, having traced title from the United States through Dennis Felix to Francis X. Brosseau, of the lands in question, offered to prove by parol that Brosseau took and held this title as the partnership property of a copartnership composed of himself and W. H. Grant; that it was purchased with the funds of that copartnership, and treated as such partnership property, and that it was in fact the property of the said copartnership; which testimony was actually received, subject to the plaintiff's objection that it was incompetent. The ruling now is that the said testimony was and is incompetent and therefore inadmissible, and not to be considered.

"The defendants also offered in evidence, separately, a certified copy of an order of the district court of Ramsey county appointing I. V. D. Heard receiver in an action between the said Grant and Brosseau, a copy of the said receiver's bond, a copy of an order of said court transferring the partnership property of the said Grant and Brosseau to the said receiver; a copy of an order of said court directing a sale of all of said partnership property; an original deed of conveyance of all of said property by the said receiver to William Dawson, and a quitclaim deed from said Dawson to the defendant Peter Johnson; which papers were received, subject to the plaintiff's objection that the same were irrelevant and immaterial, which objection is now sustained, and the said papers are severally ruled out and rejected as evidence.

"To each of which said rulings the defendants are to be regarded as having excepted."

*W. H. Grant,* for appellants.

*L. M. Brown,* for respondent.

VANDERBURGH, J. The defendants appeal from the judgment in this case. The record contains the judgment-roll, with the findings of fact and law of the district court. But there is no statement of

v.30—2

the case or bill of exceptions. The sole ground of error urged by appellants in argument before this court is the rejection of certain evidence on the trial. The judge, in his decision, sets forth the evidence in question, and his rulings thereon and defendants' exception. It is insisted by the respondent that the exception is not properly before us, and that it cannot be considered on this appeal. In this he is correct. Such exceptions can only be brought before this court for review upon a case or bill of exceptions. *Bazille* v. *Ullman*, 2 Minn. 110, (134;) *Teller* v. *Bishop*, 8 Minn. 195, (226;) *Dartnell* v. *Davidson*, 16 Minn. 477, (530;) *Stewart* v. *Cooley*, 23 Minn. 347.

Judgment affirmed.