ELLEN T. COOLBAUGH *vs.* ELIZA J. ROEMER.

## November 29, 1884.

**Appeal — Statement in Findings not a Substitute for Case. —** A fact occurring at a trial, and not matter of record, will not be reviewed when not presented by a case or bill of exceptions, although it is stated in the findings of fact made by the court..

**Execution Sale — Inadequacy of Price — Sale of Parts of Two Lots as One. —**An execution sale of real property will not be set aside merely because sold for much less than its real value, there remaining a right of redemption after the sale. Nor will it be set aside because the tract sold, being composed of parts of two lots and occupied by two dwelling-houses, was sold as one parcel, it being determined that in fact the property consisted of but one tract or parcel of land.

**Ejectment — Defendant, holding under Bond for Deed, Held Entitled to Accounting and Relief.—**The defendant in an action of eject-

ment was shown to be in possession under a bond for a deed from the original owner of the land, under whom both parties claim. The bond antedated the plaintiff's title. The purchase-money was in part unpaid and overdue, but the amount of the purchase price which plaintiff (who had succeeded to the legal title) was entitled to receive from the defendant was undetermined. The defendant, without having tendered payment to the plaintiff, alleged in defence both title in herself and her equitable right as purchaser, and prayed, among other things, that a conveyance to her be decreed upon payment of such sum as should be found by the court due to the plaintiff. The answer did not aver a willingness to pay said sum. *Held*, that the court should have regarded the equitable claim of the defendant, and have proceeded to an accounting and the granting of equitable relief.

Ejectment for a parcel of land in Minneapolis, consisting of contiguous parts of lots 4 and 5, in block 55, and being in area less than either lot. After the decision of the former appeal (30 Minn. 424) the defendant amended her answer, the amended answer being, in substance, as follows: That on June 23, 1875, one Matilda Smith was owner in fee of the premises and on that day executed to defendant a bond for a deed thereof, and on the same day the bond was recorded, and defendant went into possession under it, and has ever since been in possession. That on August 28, 1879, Smith conveyed in fee to defendant, by warranty deed recorded on the same day. That plaintiff claims title under an execution sale, made November 29, 1879, on a judgment of one Hilliker against Smith. The answer goes on to describe the two parts of the tract, on each of which was a separate dwelling house, alleging that the parts were separated by the distinct and known dividing line between lots 4 and 5, that at the execution sale they were sold together as one parcel, for $177.53, to the judgment creditor, who received and recorded the sheriff's certificate.

For a second defence, the defendant repeats the averments in her first defence as to the making and record of a bond for a deed to her by Smith, and her entry thereunder, on June 23, 1875, and further alleges payments on the bond by which the amount due thereon had been reduced to $4,203, on August 28, 1879, on which day Smith conveyed the premises to her in fee by warranty deed, and she gave back a mortgage to secure $4,203, both deed and mortgage being re-

corded on that day. That defendant made payments on the mortgage until November 8, 1879, on which day Smith acknowledged full payment and satisfaction, and discharged the mortgage of record, in consideration of defendant's agreement to support Smith during life, and the payments already made. That prior to the execution sale the defendant had no notice of the Hilliker judgment.

The prayer for judgment is (1) that the execution sale be declared inequitable, and, with the sheriff's certificate thereof, set aside, and defendant adjudged to be owner in fee of the premises; and if this relief is refused, then (2) that plaintiff be required to convey to defendant, on the ground that defendant has fully performed all the conditions of the bond for a deed, or upon payment by defendant of such sum as shall be found by the court to be due, as between defendant and plaintiff, on the bond for a deed; and (3) for general relief.

In her reply the plaintiff denies that defendant went into possession at the time of the execution of the bond for a deed, or that she was ever in possession until after the docketing of the Hilliker judgment; alleges that the bond was upon the expressed condition that defendant should pay for the premises $7,400, in five years from its date, with interest at 10 per cent. per annum, and that the bond was made without consideration and to defraud Hilliker and the other creditors of Smith. That plaintiff derives her title under the execution sale on the Hilliker judgment, and that for many years before that sale, and ever since, the premises have been, and have been treated as, one tract of land. The reply also denies defendant's alleged ignorance of the Hilliker judgment; alleges that she had full knowledge of it soon after it was rendered as well as when the deed and mortgage of August 28, 1879, were made; contains a general denial of each and every allegation of the answer not herein admitted, and pleads, as an estoppel, the judgment rendered May 26, 1880, in the same court, in a suit between defendant and Hilliker, begun January 12, 1880, whereby it was adjudged that the execution sale was valid, that Hilliker had thereby acquired all the title of Smith at the date of the docketing of the judgment, and that at the date of the deed from Smith to defendant (August 28, 1879,) the defendant had paid upon the bond but $1,500.

The action was tried by *Young*, J., without a jury, and the appeal is from an order refusing a new trial. The record contains no settled case or bill of exceptions, but it is stated in the judge's findings that on the call of the cause for trial the plaintiff demanded a jury trial, which was denied on the ground that at a former term a jury trial had been waived, and that the issues made by the amended answer and reply made the action an equitable one, triable by the court. The findings of fact were in substance that on June 23, 1875, Matilda Smith, the defendant's mother, owned the property, (which constituted but one parcel or tract of land, having upon it two houses, occupied by tenants,) and on that day made to defendant her bond, agreeing to convey the property to defendant upon payment of $7,-400, on or before five years from that date, with interest at 10 per cent. per annum, according to two notes of $3,700 each; that no actual change of possession took place, but the tenants were notified to pay rent to defendant; that Smith, however, continued to collect the rent and applied it on defendant's notes; that on April 15, 1878, and September 9, 1878, J. A. Hilliker recovered and docketed judgments in Hennepin county against Smith, the first for $136.77, and the second for $140.11; and the property was, on November 29, 1879, bought by Hilliker for $177.53 at execution sale on the first of his judgments; that on December 2, 1880, one Hael, the assignee of a judgment for $285, confessed by Smith on August 15, 1879, redeemed the property from the sale to Hilliker, having filed the proper notice therefor on November 29, 1880, and that on December 13, 1880, Hael conveyed in fee to the plaintiff. That on August 28, 1879, Smith conveyed in fee, by warranty deed, expressing a consideration of $6,000, to defendant, who at the same time executed to Smith a mortgage for $4,500, to secure two non-negotiable notes without interest, payable on or before ten years. That up to this time the defendant is not shown to have had actual notice of any of the judgments against Smith. That between the execution of the bond (June 23, 1875,) and the execution of the deed and mortgage (August 28, 1879,) some small payments had been made by defendant on the notes held by Smith, and the latter had all along collected the rents, the whole amount so paid and collected not exceeding $2,500, leaving due on

the bond for principal and interest on August 28, 1879, about $8,000. That it is not found that defendant has since that date made any payments, or that the mortgage has been satisfied in the manner alleged in the answer or otherwise.

Upon these facts the court held that the legal title is in plaintiff; that the defendant has failed to establish the legal title alleged by her, and, as she has not asked for an accounting as to any amount due from her on her original purchase, nor tendered nor offered to pay any sum, the plaintiff is entitled to judgment; and judgment was accordingly ordered for plaintiff.

*D. A. Secombe* and *Francis G. Burke,* for appellant.

*Wilson & Lawrence,* for respondent, cited Waterman on Sp. Perf. §§ 438, 443, 445, 471, 475; 1 Pom. Eq. Jur., § 452; *Gates* v. *Smith,* 2 Minn. 21, (30;) *Barker* v. *Walbridge,* 14 Minn. 351, (469;) *Williams* v. *Murphy,* 21 Minn. 534; *Prentice* v. *Wilson,* 14 Ill. 91; *Jackson* v. *Miller,* 7 Cow. 747; *Baker* v. *Gittings,* 16 Ohio, 485; *D'Arras* v. *Keyser,* 26 Pa. St. 249; *Thorne* v. *Hammond,* 46 Cal. 530.

DICKINSON, J.[1] 1. The fact relied upon by the appellant as a ground for reversal, that she was deprived of the right of a jury trial, is not so presented as to authorize us to consider it. There is no case or bill of exceptions. The fact alleged only appears by a statement of the court incorporated in its findings of fact. A fact occurring at the trial, and not matter of record, cannot be so authenticated. *Bazille* v. *Ullman,* 2 Minn. 110, (134;) *Dartnell* v. *Davidson,* 16 Minn. 447, (530;) *Stewart* v. *Cooley,* 23 Minn. 347; *Stone* v. *Johnson,* 30 Minn. 16. The last proviso of Gen. St. 1878, c. 66, § 254, is relied upon, which provides a summary mode of making record of an exception taken to a ruling of the court during trial. A statement made by the court, subsequent to the trial, and as a part of its findings of fact, is not a compliance with the terms of that statute.

2. The defendant shows no sufficient reason for asking to have the execution sale through which plaintiff's legal title is derived, set aside. The only facts averred upon which to found this claim are that the land in question, consisting of parts of two contiguous city lots, and

[1] Mitchell, J., being absent, took no part in the decision of this case.

being physically one body of land, constituted two tracts or parcels, but that it was levied upon and sold as one tract; and, further, that the price for which it was sold to the judgment creditor was inconsiderable as compared with its actual value. No fraud or other misconduct is alleged. It is determined by the findings of the court that the property constituted but one parcel or tract, and we must presume that this conclusion is supported by the proof. It is not necessarily inconsistent with the fact of there being upon the land two dwelling-houses, occupied by different tenants. The mere fact that the price for which the property was sold was far below its real value, is not a sufficient reason for setting aside a sale fairly made, especially in view of the fact of the right of redemption remaining in the judgment debtor and his assigns. *Mixer* v. *Sibley*, 53 Ill. 61.

3. The court below denied the defendant's prayer for equitable relief, and determined that the plaintiff should recover possession upon her legal title, for the reasons that, as was considered, the defendant had relied in defence upon an asserted legal title in herself, had not asked for an accounting as to the amount of the purchase price which the plaintiff was entitled to receive, and had not tendered or offered to pay such sum. Upon the facts presented by the pleadings and found by the court, we see no substantial reason why the equities of the parties might not have been determined in this action, and the whole controversy terminated. The defendant, although claiming, in addition to her equitable right, a legal title, appears to have the equitable rights of a purchaser in possession, to which equitable rights the plaintiff's legal title was subject. The averment in her answer that she was in possession under the bond for a deed is not denied by the reply; and the findings of the court are not inconsistent with the implied admission of that fact by the plaintiff. The reply only puts in issue the fact of her taking possession *at the time* of the execution of the bond for a deed; and the findings of the court are to the effect that while at that time no actual change of possession took place, yet the proceeds of the property, which was under lease,—the rent,—was collected and applied by the vendor in payment of the purchase price.

The mere delay and neglect of the defendant to pay or tender to the

plaintiff what she may have been entitled to receive of the purchase price, seems, under the circumstances, not to have been inexcusable. Not only had the existence of any right on the part of the plaintiff, as opposed to defendant's equitable claim, been in dispute, but the amount which plaintiff might be entitled to receive had never been determined, and is still in controversy. It is true, the defendant does not formally pray for an accounting, but she evidently seeks such relief in her prayer that conveyance be decreed to be made to her upon payment of such sum of money as may be found by the court to be due to the plaintiff. She has not averred in her answer her willingness to pay such sum; but, in an action for an accounting, that seems now to be not essential, and we see in that omission no obstacle to the granting of the relief sought here. *Colombian Govt.* v. *Rothschild*, 1 Sim. 94, 103; *Wells* v. *Strange*, 5 Ga. 22. The omission to plead a willingness to pay seems not very important, in view of the fact that in administering equitable relief the court would not, as the case stands, render judgment absolutely requiring the defendant to make payment, but would only require payment within a time stated as a condition of granting relief.

It is our conclusion that the order for judgment should be modified; that the court should direct an accounting between the parties; and that, upon determination of the amount which the plaintiff is entitled to receive of the purchase price, judgment should be entered to the effect that, upon payment of such sum within such time as shall be designated by the court, the plaintiff convey to the defendant; and that, in default of such payment, the defendant be barred of her equity, and that the plaintiff thereupon recover possession.

The order denying a new trial of the issues already determined is affirmed, but the cause is remanded that our determination as to the equities of the defendant may be carried into effect by an accounting and the modification of the order for judgment, as above expressed.