F. A. B. KING *vs.* CHARLES F. KINDRED, impleaded, etc.

April 30, 1888.

Ejectment — Judgment Barring all Claims of Plaintiff.—Facts found showing only that the defendant is the present owner of the legal title, with the right of possession, *held* not to warrant a judgment barring all claims of plaintiff to the land in question.

Ejectment, brought in the district court for Crow Wing county against Kindred, who alone answered, and one Hartley. The substance of the pleadings is stated in the opinion. The action came on for trial by *Sleeper,* J., a jury being waived, and the decision of the court contains, in addition to the findings of fact and conclusions of law and order for judgment, a statement of the proceedings at the trial, in substance as follows: On the case being called, no one appearing for Hartley, the plaintiff moved to dismiss, which motion was opposed by defendant Kindred, on the ground that his answer claimed affirmative relief, and was denied, the plaintiff excepting. The plaintiff's counsel then stated that he abandons the case on the part of plaintiff, and again moved for a dismissal, which was denied, the plaintiff excepting. Defendant Kindred introduced evidence in support of his answer, and rested his case. Plaintiff then offered in evidence a judgment-roll in a suit in the same court between F. A. B. King, plaintiff, and Louisa M. Witt and W. H. Leland and others, defendants, which was excluded, on defendant's objection, the plaintiff excepting. Plaintiff then moved to strike out defendant's evidence as incompetent and immaterial, which motion was denied, and plaintiff excepted.

The findings of fact are that on October 12, 1883, and from that time until and in November, 1883, Warren H. Leland and Louisa M. Witt were owners of the land in controversy; that in November, 1883, being such owners, they made a mortgage, with power of sale, to defendant Kindred, which, upon default in payment, was duly foreclosed by sale under the power on August 10, 1885, defendant Kindred being the purchaser; that the time for redemption expired prior to the

bringing of this action, and no redemption has been made, and that, when the action was brought, the defendant Kindred was and still is in the possession of the land. The conclusions of law are that the defendant Kindred "is the owner in fee-simple of the lands described in the complaint herein, and was such owner at the commencement of this action, free and clear of any claim of plaintiff thereto," and that defendant is entitled to possession. Judgment was ordered and entered in accordance with these conclusions, and the plaintiff appealed.

*E. C. Chatfield* and *D. A. Secombe,* for appellant.

*G. S. Fernald* and *Warren H. Mead,* for respondent.

VANDERBURGH, J. The complaint alleges title and ownership in the plaintiff, and demands judgment for the recovery of the possession. The defendant denies plaintiff's title, ownership, and right to the possession, admits the possession, alleges title and ownership in himself, and seeks to have plaintiff's alleged adverse claim or title, as set up or appearing by the complaint, adjudicated subordinate to his. A trial was had, and findings of fact and law made and filed. There is no case or bill of exceptions, and we cannot consider the proceedings or rulings upon the trial returned in connection with the findings. *Stone* v. *Johnson,* 30 Minn. 16, (13 N. W. Rep. 920.)

The plaintiff claims that the findings of fact do not support the conclusion of law and the judgment. The findings of fact refer only to the title of the defendant, and make no reference whatever to the title or any claim or lien of the plaintiff. The finding that the defendant has acquired the title of the former owners of the premises, Leland & Witt, who were the owners in fee in 1883, by virtue of a mortgage executed by them, and since duly foreclosed, necessarily determines the issue of the ownership as between the parties to this action, and is inconsistent with plaintiff's claim of title therein. But upon the special findings no other adjudication was warranted. Whether further or other issues or questions of fact might have been passed upon we need not inquire. The findings dispose of the issue in this suit as to the ownership of the legal title and present right of possession, but do not embrace liens or claims which might subsequently ripen into title upon foreclosure or execution sale. Such

findings of fact, therefore, warranted the conclusion and judgment that the defendant is entitled to the possession as owner in fee-simple; but the words "free and clear of all claims of the plaintiff" must be stricken out.

Judgment modified accordingly.