## J. F. BLAKE *vs.* BERT LEE and another.

### June 11, 1888.

Appeal—Documentary Evidence—Case.—To bring before this court, on
an appeal, the contents of documents received, or offered and rejected, on
the trial of the cause in the court below, copies thereof must be inserted
in or attached to the case settled by the trial judge. It is not enough that
the settled case shows documents to have been received, or offered and re-
jected, and that the clerk sends here, as part of his return, copies which
he certifies to be copies of those so received, or offered and rejected.

Appeal by defendants from an order of the district court for Mc-
Leod county, *Edson*, J., presiding, refusing a new trial.

*W. F. Schoregge* and *Lloyd Barber*, for appellants.

*M. O. Little* and *F. R. Allen*, for respondents.

GILFILLAN, C. J. In this action, after a trial before a jury, and
verdict for plaintiff, a case was settled by the judge. It appears from
it that written instruments offered by plaintiff, and objected to by de-
fendants, were received in evidence, and that written instruments of-
fered by the defendants were, on the plaintiff's objection, excluded.
None of these are incorporated in or attached to the settled case. In
lieu of that, however, the appellants have procured the clerk to for-
ward here, as part of his return, copies of instruments, with his cer-
tificate that they are copies of the instruments so offered and received,
or offered and excluded. That is not the way to bring before this
court documents used or offered on a trial. It is for the judge who
tries a cause, and not for the clerk, to settle and certify what takes
place on the trial, and what evidence, documentary or otherwise, is
received or offered. To bring here the contents of documents so re-
ceived or offered, they must be made a part of the settled case, which
can be done only by their being inserted in or attached (with proper
reference to them in a body of the case) to the case by the judge, or
by his direction, so that his certificate shall include them. On mo-
tion of respondent, the said copies of instruments are struck from
the return. As the assignments of error cannot be considered with-
out having before us the contents of the instruments so received, or

offered and rejected, and they are not here, there is nothing to sustain such assignments of error, and the presumption in favor of regularity must prevail.

Order affirmed.