## D. M. OSBORNE & Co. vs. JAMES E. WILLIAMS.

### November 12, 1888.

Former Judgment—Matter Pleaded as Defence—Same Matter as Counterclaim in Second Action.—A chattel mortgage was given to secure two promissory notes. The mortgagee brought an action against the mortgagor to recove possession of the mortgaged property. In that action the defendant alleged as a defence only, and got a verdict on it, that there was a failure of consideration for the notes and mortgage. *Held*, this is no bar to a counterclaim, based on such failure of consideration, in an action on the notes, brought by the same plaintiff against the same defendant.

39 353
53 491

Appeal—Proceedings at Trial—Statement in Findings.—Error cannot be alleged upon, nor irregularity or misconduct of the trial court shown (on appeal) by, any statement of what took place at the trial contained in the findings of fact filed by the judge of the trial court.

Action to recover a balance of $166.15 and interest, on two promissory notes. The defendant pleaded as a counterclaim that the notes were given for the price of a harvester sold to him by plaintiff (a corporation) with a warranty, which defendant alleges was broken, to his damage in the sum of $765. In its reply the plaintiff alleged the bringing of a former action by plaintiff against defendant to recover possession of certain chattels mortgaged to secure the notes now in suit, in which action the defendant, to show failure of consideration for the notes and mortgage, pleaded the same matters now alleged as a counterclaim, and in which action the defendant had judgment. The action was tried by *C. L. Brown,* J., in the district court for Grant county, (to which it had been removed from Hennepin county,) and judgment was ordered for defendant for $90. A new trial was refused, and the plaintiff appealed. As stated in the opinion, the cause was heard on the testimony taken in the trial of the former action, an appeal in which is reported, 37 Minn. 507.

*Russell, Emery & Reed,* for appellant.

*J. W. Reynolds,* for respondent.

v.39M—23

GILFILLAN, C. J. The matter alleged in the reply was no bar to the counterclaim set forth in the answer. This action is to recover upon the promissory notes made by defendant to plaintiff. The counterclaim was based on an alleged warranty by plaintiff to defendant of a harvesting machine, which formed the consideration for the notes, and which warranty failed. The reply sets up that a chattel mortgage was given by defendant to plaintiff to secure the said notes; that this plaintiff brought an action against defendant to recover possession of the property covered by the mortgage; and in the answer in that action defendant alleged the same matters as in this action as the consideration for the notes and mortgage, and the failure of the warranty; claiming that by reason thereof there was a total failure of consideration for said chattel mortgage, and that in that action the defendant had judgment. The counterclaim was not, and, under pleadings in the former action, could not be, litigated. That action was in replevin. The plaintiff's claim to the possession of the property was based on a chattel mortgage. The matters showing a want of consideration were pleaded for the purpose of showing that the mortgage was void, and that therefore the plaintiff was not entitled to the possession of the property, merely as a defence, and not for the purpose of recovering affirmative relief by reason of the breach of warranty. So that, conceding, what is not entirely clear, that the counterclaim might have been set up and litigated in that action, it is enough to say it was not.

From the statement of the case it appears that the cause was submitted on the record in the former action, including a statement of the case containing all the evidence. That that evidence was sufficient to justify a finding that the machine for which the notes were given in part-payment was of no value, was decided when the former action was here.

The point made that the court below erred in permitting the verdict and decision of the court on a motion for a new trial in the former action to have any influence on the finding as to the value of the machine, on the ground that, according to the stipulation between the parties, only the evidence on the trial of that action was submitted to the court for its consideration, is not sustained by the record. The

statement of the case shows that the entire record in that action was submitted to the court, and it does not show that there was any agreement excluding any portion of the record from the consideration of the court. That there was any stipulation is not shown by the statement of the case. That there was one is stated in the findings of the court. But what took place at the trial must be made to appear by a bill of exceptions or statement of the case, and not by the findings of fact. *Bazille* v. *Ullman*, 2 Minn. 110, (134;) *Stone* v. *Johnson*, 30 Minn. 16, (13 N. W. Rep. 920;) *Coolbaugh* v. *Roemer*, 32 Minn. 445, (21 N. W. Rep. 472.) The point cannot, therefore, be considered.

Order affirmed.