ERNEST L. HOSPES and another *vs.* NORTHWESTERN MANUFACTURING & CAR COMPANY.

July 17, 1889.

**Insolvent Corporation—Order of Sale and of Confirmation—Appeal by Creditor.**—In an action commenced against an insolvent corporation under the provisions of Gen. St. 1878, c. 76, a creditor who has become a party to the proceedings and proved his claim may appeal from an order directing a sale of the property of the insolvent, and also from an order confirming such sale. But on an appeal from the latter, only the regularity of the sale and the adequacy of the price obtained can be considered. If a party is aggrieved by the terms of the order of sale his remedy is by appeal from that order.

**Same—Appeal from Order of Confirmation — Requisites of Appeal Papers—Certificate.**—On appeal from an order confirming a sale, made

upon the referee's report and the records, files, and papers in the case, or
from an order denying a motion (made on affidavits and all orders, records,
papers and files in the action) to vacate such order of confirmation,
the return must show, either, by certificate of the judge, that it contains
all that was offered or considered on the motion, or, by certificate of the
clerk, that it contains all the records and files in the action. The clerk
cannot certify that it contains all that was offered or considered on the
hearing of the motion. This is for the judge and not for the clerk.

Appeal by Charles L. Harding, The German-American National
Bank, of Peoria, Ill., The North National Bank, of Boston, Mass.,
and Everett B. Preston and William S. Nott, partners as Preston
& Nott, from an order of the district court for Washington county,
*McCluer,* J., presiding, made in the above entitled action, confirm-
ing a sale to respondent, the Minnesota Thresher Mfg. Co., of the
property of the defendant therein. The appellants are creditors of
the defendant, who had proved their debts and become parties to
the action, which was brought to wind up its affairs.

*Gordon E. Cole* and *Horace G. Stone,* for appellants.

*Flandrau, Squires & Cutcheon,* for respondent.

MITCHELL, J.[1] In May, 1884, the plaintiffs, judgment creditors,
commenced this action under the provisions of Gen. St. 1878, *c.* 76,
to have the defendant corporation adjudged insolvent, and a receiver
of its property and estate appointed. The object of such an action
is to wind up the affairs of the corporation, and to collect and con-
vert its assets and appropriate them ratably among its creditors.
*Merchants' Nat. Bank* v. *Bailey Mfg. Co.,* 34 Minn. 323, (25 N. W.
Rep. 639.) On the 10th of the same month the court made an order
appointing a receiver of all the property and assets of the defendant,
who qualified, took possession of the property, and, in accordance
with the provisions of the order appointing him, continued the busi-
ness of the defendant under the direction of the court until the prop-
erty was sold in 1887. A large number of creditors, including these
four appellants, became parties to the proceedings and proved their
claims in accordance with the statute. On September 12, 1887, the
defendant having failed to answer, upon the petition of the Minnesota

[1] Gilfillan, C. J., took no part in this decision.

Thresher Co., which owned over $1,700,000 of claims against the defendant, and which claimed to hold over $2,000,000 of its preferred stock, the court made an order directing a sale, by referee appointed for that purpose, of all the property of every description of the defendant corporation. This order directed with great minuteness and particularity how the sale should be made and how the purchase price should be paid, and among other things expressly provided that the entire assets of every description should be sold as one property and not in parcels, that no one should be allowed to bid unless he had first deposited with the referee $100,000 as a forfeit, that no bid of less than $1,000,000 should be received; also that the referee should immediately after the sale make a report to the court, and within thirty days thereafter, without notice to any party to the action, creditor or stockholder of the defendant, but with five days notice to the purchaser, apply to the court for an order confirming the sale and directing the execution of a conveyance to the purchaser. On the 27th of October the referee made his report to the court, stating among other things that he had on that day, pursuant to notice, sold the entire property and assets of the defendant to the Minnesota Thresher Co. for the sum of $1,105,000.75, which was the highest sum bidden. On November 12, 1887, the court made an order confirming the sale and directing a conveyance to be executed to the purchaser. This order recites that it was made upon the report of the referee and the *records, files, and papers in the case.* On December 10, 1887, the appellants gave notice of a motion to vacate the order confirming the sale, on ten different grounds, all of which, except the technical one that the order had been made without notice to the parties who had appeared in the action, went to the merits, and all of these, except the alleged inadequacy of the purchase price, went to the propriety and regularity of the provisions of the order of sale, instead of the sale itself. The notice of this motion stated that it would be made on accompanying affidavits, the judgment docket of Washington county, and also all orders, records, papers, and files in the action. The court denied the motion to vacate, and from this order this appeal is taken.

We are of opinion that the order of sale and the order of confirma-

tion in such proceedings are both appealable orders—whether under Gen. St. 1878, *c.* 86, § 8, subdiv. 3, as "an order involving the merits of the action or some part thereof," or under subdivision 6 of the same section, as "a final order affecting a substantial right, made in a special proceeding," it is unnecessary here to consider.    And if they are appealable we have no doubt of the right of an intervening creditor, who has proved his claim, to take an appeal.    Creditors are the primary beneficiaries of the sequestered estate of the insolvent corporation, and no one is more directly interested than they in the method of its disposition.    We shall assume without deciding that where as in this case the order of confirmation is made without personal notice to such creditors, that they may move to vacate it as improvidently made, upon the same grounds upon which they might have opposed its being made in the first instance, and then appeal from an order refusing to vacate, with the same effect as if the appeal had been directly from the order of confirmation itself.    But on an appeal from the order of confirmation or from an order refusing to vacate it, no matters can be considered except the regularity of the sale itself and the adequacy of the price obtained.    The propriety of the terms of the order of sale, or any objections to it, (at least nothing short of its absolute nullity,) cannot be considered on such appeal.    If the court erred in its order of sale the remedy of parties is by appeal from the order.    It cannot be that a party can acquiesce by not objecting in the order of sale, allow the sale to take place in accordance with its provisions at great cost and trouble, and then, in opposing the confirmation of the sale, urge objections to the order itself.    If he chooses to lie still in this manner until after the sale, when he might have previously objected, he will not be allowed to complain of a result, however prejudicial, caused by his own laches.    Hence, even if we had a proper record before us, the only objections we could consider would be the regularity of the sale and the adequacy of the price obtained.

The point that the order of confirmation was made without notice to appellants was at the very most a mere irregularity which is now immaterial.    In the first place, as the referee is not a "party" to the action but a mere officer of the court, carrying out its orders in

the interest, theoretically at least, of appellants and other creditors, we are inclined to think that the provisions of statute relating to notice to parties who have appeared in the action have no reference to such an application for an order of confirmation of a receiver's or referee's sale, which is in the nature of an administrative order, and that the whole question of notice to creditors of such an application is in the discretion of the court, provided only that they have at some stage of the proceedings a reasonable opportunity of making and filing objections to the confirmation of the sale. But, however this may be, the appellants on their motion to vacate urged all the objections to the sale which they might or could have urged against an order of confirmation in the first instance. They then had a hearing on the merits, and if they presented no valid objections to the sale the court was certainly not required to vacate the order on the mere irregularity (if it was one) that it was made without notice.

But unfortunately we have no record before us that will permit us to review the action of the trial court at all. The record consists of what purport to be certain papers, such as the summons and complaint, the order appointing a receiver, the order of sale, the report of the referee, the order of confirmation, a paper entitled "receiver's statement of assets and liabilities September 30, 1887," but signed by nobody, the notice of motion to vacate, and affidavit of H. G. Stone. But there is no settled case or bill of exceptions, or any certificate of the court below that the record contains all that was presented or considered on the motion. Neither is there any certificate of the clerk of the court that the return contains all the records and files in the case. All there is is his certificate that the papers contained in the return are correct and complete copies of the originals on file in his office. He also certifies that no other papers, records, or files were introduced or offered in evidence on the motion by either party, except that the parties opposing the motion referred in their argument to the proceedings and testimony had or taken previously in the action. But this part of his certificate amounts to nothing. He can no more certify what papers were offered and considered on the hearing of a motion than he can certify what evidence was introduced on the

trial of an action.   *Blake* v. *Lee*, 38 Minn. 478, (38 N. W. Rep. 487.)
He can certify that certain papers are true copies of the originals in
his office, and that a return contains all the records and files in the
action, but as to what was or was not offered or considered is for the
judge and not the clerk to certify to.   Moreover no formal intro-
duction of previous proceedings or records in the same case is nec-
essary.   The court will take notice of them.

Our statute is defective in not making express provisions for mak-
ing up a record in an appeal from an order of this kind, but one of
two things is certainly necessary; either there must be a certificate
of the judge that the record contains all that was offered or consid-
ered on the motion, or else there must be a certificate of the clerk
that the return contains all the records and files in the case.   To
pass upon any matter on appeal it must in some way appear that
this court has before it everything which was presented to and con-
sidered by the court below upon the matter which we are called upon
to review.   There is nothing in this record to show this fact.   The
original order of confirmation was made, as it recites, upon the rec-
ords, files, and papers in the case.   The notice of motion to vacate
this order expressly states that it will be made on all orders, records,
papers, and files in the action.   There is not only nothing here to
show that all these are before us, but it affirmatively appears from
references and recitals that they are not.   We do not know and can-
not know what else there might have been in these records and files
which were considered by the district court relating either to the con-
dition, location, or value of the property.   This court is always de-
sirous that appeals should be determined if possible on their merits;
but to enable us to do so they must be brought here in a proper way,
and with some regard to orderly practice.   Under the circumstances
the order appealed from must be affirmed.