JOHN G. NELSON *et al. vs.* AUSTIN T. JENKS *et al.*

Argued June 15, 1892.   Decided Aug. 29, 1892.

**Insolvent Corporation—Action under 1878 G. S. ch. 76—Creditors Appearing cannot Attack Decree.**

> In an action under 1878 G. S. ch. 76, to wind up the affairs of an insolvent corporation, and distribute its assets among its creditors, a creditor claiming a lien by judgment upon real estate of the corporation appeared and filed his claim for allowance, and submitted to the jurisdiction of the court in that action.   Such proceedings thereafter were had, upon due notice to all the creditors, that the court adjudged and decreed a sale of all the corporate property, real and personal, free and clear of all liens and incumbrances, the proceeds to be held subject to the direction of the court, and reserving the question of the priority of the claims of lien creditors.   *Held,* that the creditors so appearing were bound by the decree in that action, and could not attack it collaterally.

**Attorney—Authority of to Appear.**

> After the recovery of a judgment, the attorney who procured it or another attorney may appear for and act for the judgment creditor in ulterior proceedings, and the court will not presume that he acts without authority, in the absence of any showing or finding to that effect.

Appeal by defendants, Austin T. Jenks, and C. P. Holcombe, as Sheriff of Washington County, Minnesota, from an order of the District Court of that County, *Williston,* J., made in March, 1892, refusing a new trial.

This action was brought by the plaintiffs, John G. Nelson, Jacob Bean and David Tozer, against the defendants Jenks and Holcombe, to enjoin the sale of certain real estate under a writ of execution issued on a judgment in favor of Jenks and against the Union Depot and Street Railway Transfer Company of Stillwater.   The action was tried by the court, and findings were filed February 5, 1891, ordering judgment in favor of the plaintiffs for the relief demanded in the complaint.   The facts as found by the trial court are fully stated in the opinion.   From an order denying a motion for a new trial, defendants appeal.

*Fayette Marsh*, for appellants.

Appellants' claim is, that a receiver, under 1878 G. S. ch. 76, § 9, cannot be authorized by the court, without the consent of the judgment creditor, to sell the real estate of the corporation, free and clear of the lien of a previous judgment.

Jenks appeared in the receivership proceedings and asked leave to enforce his judgment lien by a sale of the property. He did not seek to prove up his claim against the corporation, or to submit his rights to the court, but he relied on his statutory lien, and, to avoid being in contempt of court by interfering with property in its possession, requested leave to proceed and enforce his judgment. The court never acquired jurisdiction over Jenks or over his judgment lien, for any other purpose. He was never a party to the receivership proceedings, and was in no way bound by the decree ordering a sale of the property free from the lien of his judgment. *Bigelow* v. *Forrest*, 9 Wall. 339.

The attorney for Jenks could not waive the lien of the judgment. *Wilson* v. *Jennings*, 3 Ohio St. 538; *Jones* v. *Ransom*, 3 Ind. 327.

*Clapp & Macartney*, for respondents.

Jenks became, by filing his petition in the receivership proceedings, to all intents and purposes, a party to the action, and invoked the very jurisdiction which the court was then exercising with reference to this property. 1878 G. S. ch. 76, § 22. He was present, with his attorney, at the time the order of sale was made. The record shows full and complete jurisdiction of the court over the subject matter and the person of Jenks. *Hotchkiss* v. *Cutting*, 14 Minn. 537, (Gil. 408;) *Cone* v. *Hooper*, 18 Minn. 531, (Gil. 476;) *Smith* v. *Valentine*, 19 Minn. 452, (Gil. 393;) *State* v. *McDonald*, 24 Minn. 48; *Coles* v. *Yorks*, 36 Minn. 388.

There can be no doubt that the court had ample power to provide that the property be sold free and clear of all liens, and to transfer the liens to the fund. The order cannot be attacked in any collateral proceeding, nor, indeed, in a proceeding in which the receiver is appointed, except where the parties act in good faith and move

with reasonable diligence to correct the errors. *Olcott* v. *Bynum*, 17 Wall. 44; *Pope* v. *Durant*, 26 Iowa, 233; *Wallace* v. *Loomis*, 97 U. S. 146; *Union Trust Co.* v. *Illinois Midland Ry. Co.*, 117 U. S. 434. The only remedy of the party aggrieved by the order is by appeal. *Hospes* v. *Northwestern Mfg. & Car Co.*, 41 Minn. 256.

The authorities cited by appellant to show that Jenks' attorneys had no authority to waive the lien of the judgment, are not in point. The petition in the receivership proceeding was a new proceeding, and the presumption in every court of record is, that an attorney instituting a proceeding, is authorized to do so.

VANDERBURGH, J. The findings of the court in support of the allegations of the complaint are, in substance, that on and prior to the 2d day of January, 1885, the Union Depot Street Railway & Transfer Company of Stillwater was a railroad corporation organized and doing business as such under the laws of the state of Minnesota, and had prior to that time acquired, and was using, for the purposes of its business, the real property described in the complaint, and in controversy in this action. On the date referred to the defendant Jenks recovered a judgment against the corporation for the sum of $4,510.22, which was docketed the same day in the office of the clerk of the district court of Washington county. The court also finds that on the 19th day of January, 1885, in a certain action then pending in the district court of Washington county, in which one O'Gorman was plaintiff, and the above-named corporation was defendant, such proceedings were had therein on that day, under and by virtue of the provisions of 1878 G. S. ch. 76, § 9, that one George Brush was appointed receiver of the corporation defendant in the action, with the usual powers and duties of receivers. Brush having resigned, successors were duly appointed, who on the 23d day of February, 1888, presented a petition to the court, based upon their report, praying the court to fix a time and place when and where all parties interested should appear and show cause why the stock, property, and effects of the corporation, the Union Depot Street Railway & Transfer Company, should not be disposed of according to law by the receivers,

and the proceeds distributed among the parties entitled. The court thereupon, by its order, fixed March 5, 1888, for the hearing of such petition at his chambers in the city of Stillwater, and did also direct that on or before February 25, 1888, the said report, petition, and order should be served upon all parties who had appeared in the action, and filed claims against the defendant therein. Prior to the issuance of this order the judgment creditor, Jenks, defendant herein, had filed in the action in which the receivers were appointed a written statement of his claim against the insolvent corporation, setting forth the rendition and docketing of the judgment above referred to, and asking that the same should be declared a lien upon the real estate of the defendant corporation, and that the same might be sold to satisfy his claim, and that he might have such further relief in the premises as might be just. The order for the hearing on the petition first above referred to was duly served on the attorneys of the judgment creditor, Jenks, on the 23d day of February, 1888, and on the return of the order and the hearing of the petition one of the attorneys of Jenks was present, and the order made upon the hearing of the petition expressly recites that Jenks was present by his attorneys; and further recites: "And whereas, it further appears that the court has acquired jurisdiction over all the parties interested, as well as the subject-matter, to decree, as hereinafter specified, and after hearing all parties interested who desire to be heard, and all parties and claimants present or represented consenting thereto, and no one opposing, the court, being fully advised, doth adjudge, decree, and determine that the allegations in the complaint herein are true, and that all the right, title, estate, interest, or equity of redemption in, or lien upon, the stock, property, things in action, or effects of the Union Depot Street Railway & Transfer Company of Stillwater, more specifically described hereinafter, free and clear of all liens, claims, or demands on the part of any of its creditors or stockholders, shall be sold under the direction of and by the aforesaid receivers, * * * the proceeds of said sale to be held and disbursed by such receivers as shall hereafter be directed, and any and all liens upon the property so to be sold shall be transferred to and become a lien upon the proceeds of said sale in lieu of the property sold: * * * provided,

that inasmuch as A. T. Jenks claims a specific lien on all the real property of the defendant corporation to the extent of the judgment docketed against the defendant prior to the receivership herein, which specific lien is disputed, so much of the purchase price received on the sale of the property as shall be necessary shall be reserved for payment of said judgment claim, if it shall ultimately be adjudged to be a prior lien." The property so ordered to be sold included the land in question here. The court further finds that A. T. Jenks received personal and actual notice of the said order, and the terms thereof, within two weeks after March 5, 1888, and that on the 23d day of April, 1888, and after notice as provided by the said order, the receivers proceeded by virtue of the order, and did sell the same at public auction, and on the same day made report thereof to the court; that the purchaser at said sale gave notice of his intention to apply to the court for a confirmation of the sale, which notice was duly served on the day last mentioned, upon the attorneys for the said A. T. Jenks, and in pursuance thereof the sale was duly confirmed by the court on the 1st day of May, 1888, and thereafter a conveyance of the property sold to the purchaser, including that in controversy here, was duly made to him, and the plaintiffs in this action, through mesne conveyances, have acquired the title of such purchaser, and now hold the same. The question presented for our consideration is whether they acquired the title thereto by virtue of the receiver's sale, free and clear of the incumbrance of the Jenks judgment.

The respondents insist that Jenks was bound by the order directing the sale. Under the facts found, the trial court considered the order unassailable in this action, and binding upon the defendant.

It is not assigned as error that the findings of fact are not sustained by the evidence, and we think, therefore, the only material question is whether the facts found, the material portions of which are recited above, warrant the legal conclusions in plaintiffs' favor arrived at by the court.

Under the provisions of chapter 76, above referred to, creditors are entitled to intervene, prove up their claims, and share in the assets of the corporation, under the direction of the court. By his

petition, exhibiting his claim and asking the aid of the court in the insolvency action, Jenks made himself a party thereto, and fully submitted himself to the jurisdiction of the court in the premises. The court considered him a party thereto, and he was bound by the order directing the property to be sold free and clear of all liens, and reserving the question of his claim to priority in the distribution of the fund derived from the sale. Thereafter Jenks was obliged to seek his remedy in that proceeding by appeal or otherwise, and he had ample notice and opportunity to save his rights by appeal, if he so desired. *Hospes* v. *Northwestern Mfg. & Car Co.*, 180, 41 Minn. 259, (43 N. W. Rep. 180.)

The petition of Jenks, above mentioned, was subscribed and presented on his behalf by the same attorneys who procured the judgment for him, and it is suggested that it does not appear to have been upon a fresh retainer, and was therefore unauthorized. There is no finding that they were not so authorized, nor any complaint that the findings are not full and complete. After the recovery of the judgment, the same or other attorneys may appear for and act for the judgment creditor in ulterior proceedings, and the court in which such proceedings are had will not presume that they act without authority, in the absence of a showing to the contrary. The court was justified in presuming that the attorneys who appeared for the defendant in the receiver's action were authorized so to do. Defendant Jenks must abide by the decision of the court in the disposition of his claim in that case. It is not necessary to examine any other question on this appeal.

Order affirmed.

(Opinion published 52 N. W. Rep. 1081.)