CHARLES N. PROUTY *vs.* MORRIS L. HALLOWELL, JR., *et al.*

Submitted on briefs May 16, 1893. Affirmed June 12, 1893.

**Case or Bill of Exceptions Necessary to Show Errors Occurring During a Hearing.**

Application of the rule that error cannot be alleged upon, nor irregularity or misconduct of the trial court shown (on appeal) by, any statement of what took place at the trial contained in the finding of facts or decision filed by the trial judge.

**Practice on Application for a Receiver under Insolvency Statute.**

The rule of the district court relative to the hearing of orders to show cause upon affidavits, solely, has no application on the trial or hearing of a petition for the appointment of a receiver under the insolvency laws of this state. The court, upon the trial or hearing of the petition, should proceed upon the merits, receiving such evidence as may be pertinent, without regard to the manner in which the alleged insolvent has been brought into court.

Appeal by petitioner, Charles N. Prouty, from an order of the District Court of Hennepin County, *Chas. M. Pond*, J., made July 14, 1892, refusing to appoint a receiver in insolvency of the property of Morris L. Hallowell, Jr., and Samuel P. Snider.

On April 29, 1892, Prouty presented to the District Court a petition supported by affidavits, and obtained an order requiring Morris L. Hallowell, Jr., and Samuel P. Snider, co-partners, to show cause before the court on May 7, 1892, why a receiver should not be appointed of all their nonexempt property, on the ground of their insolvency, under Laws 1881, ch. 148, § 2, as amended by Laws 1889, ch. 30, § 2. The affidavit stated facts showing that Hallowell &

Snider were insolvent, and were owing Prouty $21,000 and interest; that within the previous ninety days, five judgments had been recovered against them for the aggregate amount of $30,000; that within the same time they had paid debts amounting to over $247,-000 by selling and conveying property to certain preferred creditors; that they still owed about $300,000, and were disposing of the residue of their property to certain creditors, with a view of giving them a preference over the petitioner and other creditors.

In answer, Snider filed his affidavit denying insolvency, and stating that he and Hallowell had paid more than $500,000 of their debts since the beginning of the year, and still had ample property with which to pay the residue, but had been unable to pay some of their debts promptly as they matured, and denied that they intended to prefer any creditor over another. He stated that they intended to pay all in full in a short time. The hearing on the application was adjourned by consent from time to time until July 2, 1892. Meantime Snider sold to Prouty property in payment of a large part of his claim, and then tendered to him $1,750 in payment of the balance. At the hearing he made and submitted affidavits of these facts. Prouty claimed the tender was not sufficient, and offered evidence in support of the facts stated in his petition, but the court declined to hear oral evidence, and discharged the order to show cause, and dismissed the proceedings. The decision was embodied in a lengthy order reciting the proceedings and the material facts stated in the various affidavits and the admissions of counsel and the rulings of the court on the different offers and applications in the proceedings. From this order Prouty appeals. No case or bill of exceptions was made or filed, showing the evidence received, or offered and rejected, or the rulings upon questions submitted during the progress of the hearing, or the exceptions, if any, to the rulings.

*C. C. Joslyn* and *J. O. Pierce,* for appellant.

There was no trial or hearing on the merits in the lower court. The case was simply dismissed on a motion of respondents to vacate and dismiss appellant's petition and all proceedings thereunder. This was a preliminary motion made at the very beginning of the hearing, and the court did not hear the petition upon its merits, and

consequently there was no granting or denying of the petition. The determination of the motion adversely to appellant was equivalent to a dismissal of the petition. Hence no case or bill of exceptions was necessary to show what occurred.

*Cross, Carleton & Cross,* for respondents.

There is no case containing exceptions or any bill of exceptions in the return to this court. It is true that the trial court states that the petitioner offered to support his application by evidence, and objected to hearing the petition upon affidavits; but, as neither the offer nor the objection is properly incorporated in any settled case or bill of exceptions, the statement of such things in the order cannot be considered by this court. Neither any offers of evidence nor objections to evidence or mode of trial, made by the appellant's attorney at the hearing, can be reviewed by this court, because there is no settled case or bill of exceptions before the court. *Stone* v. *Johnson,* 30 Minn. 16; *Coolbaugh* v. *Roemer,* 32 Minn. 445; *D. M. Osborne & Co.* v. *Williams,* 39 Minn. 353; *Baker* v. *Byerly,* 40 Minn. 489; *Kohn* v. *Tedford,* 46 Minn. 146.

COLLINS, J. Upon the affidavit and petition duly made by the attorney for the plaintiff in the above-entitled action, (which was then awaiting trial,) the court issued its order that defendant show cause, at a specified time and place, why a receiver should not be appointed under the provisions of the insolvency laws of this state. Both parties filed other affidavits bearing upon the matter, and, after a number of continuances, a final hearing was had, July 2, 1892. The court thereafter made and filed findings of fact and conclusions of law to the effect that defendants were entitled to have the order vacated and discharged. It also vacated and discharged said order and all subsequent proceedings. Plaintiff's counsel appeal directly from the order, and the record presented to us consists, according to the certificate of the clerk of the court below, of the before-mentioned affidavits, the order to show cause, and the findings or decision of the court. There is no certificate of the judge before whom the proceedings were had, and who passed upon the petition, nor has a case or a bill of exceptions been settled, so far as we are informed. Treating the petition as setting forth a proper

case for the appointment of a receiver under the provisions of Laws 1889, ch. 30, § 2, we are unable to see how, on the record, the alleged action of the district judge in refusing to take testimony offered by the petitioner at the hearing can be reviewed. As preliminary to the findings of fact, the judge stated that the counsel offered to support the petition with proof, and objected to a trial of the matters involved upon affidavits; but this is insufficient to bring the question before us. This was a fact occurring at the trial, not a matter of record, and, although stated in the findings or decision, is not reviewable on appeal. What took place at the trial cannot be made to appear by the findings of fact or by the decision. *D. M. Osborne & Co.* v. *Williams,* 39 Minn. 353, (40 N. W. Rep. 165,) and cases cited. Even if this were not so, the assignments of error relative to the right of the petitioner to introduce testimony in support of his petition could not properly be considered here, because it nowhere appears that the court was called upon or made any ruling whatsoever on the offer or the objection. Again, it elsewhere appears in the decision or findings that the latter were made upon the affidavits presented and read by the parties, "and from the admissions then made in open court." If, from these admissions, the court was as fully informed of the facts as it would have been had oral or documentary evidence been submitted,—and in the absence of any showing to the contrary we cannot presume that it was not,—there was no mistrial of the matters alleged in the petition. We have no doubt that on the order to show cause, which practically amounted to nothing more than a "short notice," the court should have tried the case on its merits, receiving such evidence as was pertinent, unless waived or rendered unnecessary by the acts or admissions of the parties. The rule of court relative to the hearing of orders to show cause on affidavits, solely, has no application in the trial or hearing of a petition for the appointment of a receiver under the insolvency laws, no matter how the alleged insolvent may be brought before the court.

Order affirmed.

VANDERBURGH, J., absent.

(Opinion published 55 N. W. Rep. 623.)

Application for reargument denied June 30, 1893.