GEORGE A. DU TOIT vs. HALVOR FERGESTAD.

Argued by appellant, submitted on brief by respondent, Nov. 16, 1893. Affirmed Dec. 11, 1893.

No. 8530.

Certificate on appeal from an interlocutory order.

Upon an appeal to this court from an order disposing of an interlocutory motion, it must be made to appear affirmatively—either by the certificate of the judge making the order that the return contains all of the files and papers used at the hearing of the motion, or by the certificate of the clerk of the proper court that his return contains copies of all the records and files in the case—that this court has before it everything which was presented to and considered by the court below.

Appeal by defendant, Halvor Fergestad, from an order of the District Court of Carver County, *Thomas Canty*, J., made April 11, 1893, refusing to vacate a writ of attachment.

On February 10, 1893, the plaintiff, George A. Du Toit of Chaska commenced this action to recover $866.60 balance claimed to be due him for 309,500 kiln run brick, sold August 1, 1892, and delivered by rail to defendant at St. Louis Park at $6.25 per M. to be used in building the shops of Minneapolis Esterly Harvester Works. On the same day plaintiff made affidavit that Fergestad was about to dispose of his property with intent to delay his creditors and obtained a writ of attachment and under it the sheriff seized the brick. Defendant answered and also made an affidavit of his solvency and denying the intent charged. On them he moved the Court on notice April 1, 1893, to vacate the attachment. The plaintiff read counter affidavits, and on April 11, 1893, the Court denied the motion. The next day the defendant appealed from the order, but it seems that before the Clerk made his return to this Court the issues were tried and plaintiff had a verdict for $687.30. A copy of this verdict was included in the return to this Court, but there was no certificate of Judge or Clerk that the papers sent here were read on the hearing of the motion to vacate the attachment, or that copies of all the papers read were included in the return.

*J. H. Long*, for appellant.

*W. C. Odell*, for respondent.

COLLINS, J. This was an appeal from an order of the district court denying defendant's motion to vacate and set aside a writ of attachment, and all proceedings thereunder, on the ground that the affidavit upon which the writ was based was false and untrue. The return to this court, according to the clerk's certificate, contains copies of "the original summons, complaint, answer, reply, verdict, affidavit and order for attachment, affidavit and notice of motion for an order dissolving attachment, counter affidavit by plaintiff, defendant's affidavit, order denying motion to dissolve attachment, and notice of appeal to the supreme court." Nothing further appears in the return or the certificate.

There is no certificate of the judge who heard and disposed of the motion that the return shows all that was offered or considered by him upon the hearing of the same, nor has the clerk certified that his return contains copies of all of the records and files in the case. One or the other of these two things should appear, if we are to observe anything like an orderly practice. *Hospes* v. *Northwestern M. & C. Co.,* 41 Minn. 256, (43 N. W. 180.) See, also, *Prouty* v. *Hallowell,* 53 Minn. 488, (55 N. W. 623.) Without one or the other of these certificates, we have no means of knowing what was presented or considered by the court on the hearing of the motion. As was said in the opinion in the case first above cited, to pass upon any matter on appeal it must be made to appear to this court that it has before it everything which was presented to and considered by the court below upon the matter which we are called upon to review. The record fails to show this fact, and hence error in the ruling of the court below has not been made to appear. To avoid any misunderstanding as to the proper practice, we state that, on an appeal from an order disposing of an interlocutory motion, it must be made to appear affirmatively, either by the certificate of the judge making the order, or the certificate of the clerk of the proper court, of the nature heretofore indicated, that this court has before it everything which was presented to and considered by the court below.

Order affirmed.

(Opinion published 57 N. W. Rep. 204.)