U. GRANT McELRATH v. BOARD OF SUPERVISORS OF LAKEVILLE TOWNSHIP.[1]

May 27, 1904.

Nos. 13,861—(102).

**Order Laying Out Highway—Appeal.**

By section 14, c. 199, p. 366, Laws 1897, an appeal may be taken to the district court from an order of the town board of supervisors laying out or vacating a highway by executing and filing in the office of the clerk of court of such county a bond of $250, approved by the county auditor, and by serving written notice of appeal on the chairman of the board of supervisors and filing a copy thereof in the office of the county auditor and the town clerk. *Held:*

1. In the absence of any other statutory provision appeal to the district court is perfected when such bond and notice of appeal are properly executed, served, and filed.

2. In this case the notice of appeal was made out in triplicate, each signed by appellant, one served upon the chairman of the board of supervisors, one filed in the office of the town clerk, and one in the office of the county auditor treated as the original, to which were attached proofs of service and filing. Thereafter such original was removed from the county auditor's office and filed in the office of the clerk of court. This was a sufficient compliance with the statute as to service and filing of the notice of appeal.

3. The court having acquired jurisdiction, it was error to dismiss the appeal.

Appeal by plaintiff from an order of the district court for Dakota county, Crosby, J., dismissing an appeal to said court from an order made by defendant Board of Supervisors vacating a certain highway. Reversed.

*Stevens & Stevens* and *C. P. Carpenter,* for appellant.

*Hodgson & Lowell,* for respondent.

LEWIS, J.

Appeal was taken by appellant from an order vacating a highway. The notice of appeal was addressed to the chairman of the board of

[1] Reported in 99 N. W. 895.

supervisors of the town. The proof of service shows that the notice was served upon the chairman of the board by delivering to him a copy, and that a copy was also delivered to the town clerk with a request that it be filed in his office. Indorsed upon the notice is a certificate of the town clerk to the effect that a copy was filed in his office September 17, 1903, also a certificate by the county auditor that the original was filed in his office on September 25, 1903, and there is attached an indorsement by the clerk of the district court that the same was filed in his office on December 7, 1903. The return further shows that a bond for costs was duly executed, approved by the county auditor, and filed in the office of the clerk of court, as provided by section 14, c. 199, p. 366, Laws 1897. The minutes of the trial court, as certified up, show that on December 7, 1903, this action came on before the court and a jury duly impaneled and sworn; that, after a witness had been sworn by appellant, respondent moved to dismiss the appeal, which motion was granted.

There is no "case" or bill of exceptions, but the clerk of court certified that the return contains all the minutes of the court of the proceedings in the trial of the case, the order of the court dismissing the appeal, and that the papers constituting the return are true and correct copies of the original, and the whole thereof, with all the files and records in the action on file in his office, and the record of all the proceedings had in the action shown by the minutes, files, and records of the court. Objection was made by respondent to the return upon the ground that it was not certified by the trial judge. There is no "case" or bill of exceptions, nor certificate by the trial judge, but the clerk of court certified that all of the files, records, and proceedings were contained in the return, and this was sufficient within the rule stated in Hospes v. Northwestern Mnfg. & Car Co., 41 Minn. 256, 43 N. W. 180, which has been constantly adhered to.

As we understand respondent's position, the dismissal of the appeal is justified upon the ground that there was nothing before the court to show what, if any, determination had been made by the town board, and it affirmatively appears that the notice of appeal was properly served. We are not aware of any provision regulating the return of appeals of this character. The only law upon the subject to which our attention has been called is contained in chapter 199, p. 362, Laws 1897.

According to that act the appeal may be taken from such an order as is involved in this case by any person feeling himself aggrieved by filing a bond and serving the notice of appeal as therein provided. In the absence of any other regulation, a compliance with those provisions perfects the appeal, and the case proceeds de novo in the district court. The validity of the appeal in no matter depends upon a return to the appellate court of the papers, orders, and files bearing upon the order appealed from. Those documents may be evidence necessary to introduce in the progress of the trial, but they have nothing to do with perfecting the appeal.

The objection that the appeal was not perfected because notice of appeal was not properly served is not well taken. The proof of service attached to the notice is to the effect that the "within notice" was served upon the chairman of the board of supervisors by delivering and leaving with him personally a copy thereof; that upon the same day there was handed to and left with the town clerk a true copy thereof, and attached to the notice of appeal at the time it was filed in the district court was an additional affidavit by appellant, in which it was shown that three notices of appeal were written, and that appellant signed each in ink, one being served on the chairman of the board of supervisors, another filed in the office of the town clerk, and the third with the county auditor. The statute requires notice of appeal to be served on the chairman of the board of supervisors and a copy to be filed in the office of the county auditor and town clerk. The objection is that the proof of service shows that a copy, and not the original, was served on the chairman of the board. If the three copies were signed by appellant, each became an original, and it is immaterial upon which of the originals proof of service was indorsed.

Neither was the objection well taken that the notice treated as the original (to which were attached proofs of service) was taken from the auditor's office and filed in the office of the clerk of court. A certified copy is entitled to no greater weight than the original. A proper bond having been duly approved and filed, and the notice of appeal having been properly served and filed in the office of the clerk of court, the court acquired jurisdiction, and the case was improperly dismissed.

Order reversed.