### KELLY PETERSON v. ANDREW A. STORM.[1]

November 17, 1905.

Nos. 14,564—(202).

**Appeal—Record.**

   An appeal from a judgment based on an order refusing to vacate and set aside a previous order modifying a clerk's taxation of costs and disbursements and for leave to file a proposed supplemental affidavit in support of the original affidavit of costs and disbursements, involving, as it does, a review of the exercise of discretion by the trial court, cannot be considered, when based upon a record which is certified to by the clerk only, and which is not, and does not purport to be, a settled case or bill of exceptions.

Appeal by defendant from a judgment of the district court for Meeker county, Qvale, J. Affirmed.

*Alva R. Hunt,* for appellant.

*Foster & Stites,* for respondent.

[1] Reported in 104 N. W. 894.

JAGGARD, J.

This was an action to recover damages for slander. When reached in its order in the court below, it was dismissed on motion of plaintiff. Thereafter the defendant served his bill of costs and disbursements, including therein witness fees and mileage for thirteen witnesses, accompanied by an affidavit that each witness named was necessary and material for the defendant and had necessarily traveled the number of miles and attended the number of days set opposite their names. On the day set for taxing said costs, plaintiff filed objections thereto, inter alia, because none of said witnesses were sworn or testified, and that said affidavit did not set forth what the testimony of any of said witnesses would have been, nor show that the same would have been material or competent. Thereafter, and before said costs were taxed by the clerk, a supplemental affidavit was filed on behalf of defendant; the material change therein being that the place of residence of each witness was added. The clerk overruled the objections and taxed the costs. Plaintiff appealed therefrom to the district court. That court by its order modified the taxation of costs by the clerk by striking out all witness fees and mileage. Judgment was entered accordingly. Defendant immediately moved to vacate and set aside the order modifying the clerk's taxation and for leave to file a proposed supplemental affidavit upon terms. This motion, upon hearing, was denied, and this appeal was taken from the judgment.

The paper book consisted essentially of the pleadings, including the bill of costs, notice of taxation and affidavit, the plaintiff's objection to the allowance of taxation of costs, the orders of the court and motion papers in connection with the supplemental affidavit, and the judgment appealed from. The only certificate in the record is that of the clerk to the effect that he had compared the paper writing with the original judgment roll and notice of appeal and bond on appeal, of record in his office, and that the same is a true and correct copy of said original and the whole thereof. There was no settled case nor bill of exceptions, nor certificate of the trial court in any form.

The clerk could not certify as to what was or was not offered or considered. That is for the judge, and not for the clerk, to certify. Mitchell, J., in Hospes v. Northwestern Mnfg. & Car Co., 41 Minn. 256, 261, 43 N. W. 180. Especially in view of the memorandum of

the trial court that his conclusion was based in part "on what occurred at the hearing of the appeal from the clerk's taxation, as well as what was then contended for," we are unable to review on this record the exercise of discretion by the trial judge. Firth v. Brack, 64 Minn. 242, 66 N. W. 987; Hospes v. Northwestern Mnfg. & Car Co., supra.

Judgment affirmed.