GEORGE M. DAVENPORT *vs.* PATRICK BURKE.

The jurisdiction of an action of replevin, under the statutes of this commonwealth, depends upon the actual value of the goods at the time of suing out the writ; and it is erroneous to dismiss such an action for the reason that the goods replevied have been appraised at only twenty dollars.

REPLEVIN of hay, alleged in the writ to be of the value of thirty dollars, and valued in the certificate of appraisement indorsed thereon at twenty dollars. The replevin bond was in the sum of forty dollars.

The action was commenced before a justice of the peace. The defendant was defaulted, and appealed to the superior court, and, after the action had been in that court several terms, moved to dismiss it for want of jurisdiction. The plaintiff offered to prove that the value of the hay replevied exceeded twenty dollars, at the time of the service of the writ. But *Lord*, J. refused to try any such issue of value as was tendered, and dismissed the action. The plaintiff alleged exceptions.

*C. A. Holbrook*, for the plaintiff.

*A. Dadmun*, for the defendant, cited Gen. Sts. *c.* 143, § 10 *King* v. *Dewey*, 11 Cush. 218; *Parker* v. *Simonds*, 8 Met. 205 *Swift* v. *Barnes*, 16 Pick. 194.

GRAY, J. This action was brought before a justice of the peace by virtue of the recent provision of law, giving to justices of the peace and police courts jurisdiction, concurrent with that of the court of common pleas or superior court, of replevin of goods of more than twenty dollars and less than one hundred dollars in value. *St.* 1852, *c.* 314, § 1. Gen. Sts. *c.* 143, §§ 10, 11.

The ground upon which the defendant rests his motion to dismiss the action is that the appraisement and bond show that the property replevied was only just twenty dollars in value, whereas by our statutes no court has jurisdiction of replevin of goods whose value does not exceed that amount.

So far as this motion is founded on defects appearing on the appraisement and bond, it was an objection to the sufficiency of the service of the writ, and should have been made, at the latest, in the superior court at the first term, and, not having been made so soon, must be considered as waived. *Jaques* v. *Sanderson*, 8 Cush. 271, and cases cited.

Beyond this: the jurisdiction of actions of replevin is made by our statutes to depend, not upon the allegations of the writ, or the estimate of the appraisers, but upon the actual value of the goods. *St.* 1789, *c.* 26, § 4. Rev. Sts. *c.* 113, § 27. Gen Sts. *c.* 143, § 10. The *St.* of 1789, which first established the writ in its present form, did not require the value to be alleged therein, nor provide for any appraisement, but left it to the officer to estimate the value as he best could. An appraisement was first required by the *St.* of 1824, *c.* 106, not for the purpose of determining jurisdiction, but for the benefit of the defendant, and perhaps of the officer. *Pomeroy* v. *Trimper*, 8 Allen, 398. It may be added that the jurisdiction of the court depends upon the value of the goods at the time of suing out the writ, not at the time of appraisement. We are therefore of opinion that the estimate of the appraisers has no effect upon the question of jurisdiction, and that this action should not have been dismissed.

The question remains, How is the defendant to avail himself of an objection to the jurisdiction where the goods replevied do

not exceed twenty dollars in value? Perhaps the best way of distinctly presenting this issue would have been by plea in abatement. *Small* v. *Swain*, 1 Greenl. 135. *Sackett* v. *Kellogg*, 2 Cush. 91. But as the objection relates to a matter which need not be alleged in the writ, and goes to show that neither the court in which the action was pending nor any other court had jurisdiction of the action, the defendant was not bound to plead it in abatement, but might show it at the trial, and, upon its being shown, move to have the action dismissed. Gould Pl. c. 5, §§ 25, 137. *Sackett* v. *Kellogg*, 2 Cush. 91. *King* v. *Dewey*, 11 Cush. 220. *Ingalls* v. *Richardson*, 3 Met. 340. The plaintiff should therefore have been permitted to introduce evidence that the property replevied did exceed twenty dollars in value at the time of suing out of the writ.

*Exceptions sustained.*