ISRAEL CHILSON v. WILLIAM JENNISON, CIRCUIT JUDGE.

*Replevin — Justice's jurisdiction — Prevailing defendant may recover judgment for value of property, up to five hundred dollars — Plea in abatement.*

1. A defendant who prevails in replevin, before a justice, may recover the value of the property replevied, not exceeding five hundred dollars; and the justice has jurisdiction to render a judgment accordingly.

2. A plea in abatement is not necessary to destroy the jurisdiction of a justice depending on the amount in controversy, if shown on the trial to be excessive.

3. The jurisdiction of a justice, in replevin, attaches according to the claim in the affidavit; and, having attached, continues to judgment, at least up to five hundred dollars.

Mandamus. Heard February 16, 1886. Denied February 19, 1886.

The facts are stated in the opinion.

*C. D. Coleman*, for relator.

*C. R. Whitman*, for respondent.

PER CURIAM. Chilson was defendant in a replevin suit commenced before a justice. He pleaded to the jurisdiction that the value of the property claimed was $200, and that, therefore, the justice had no jurisdiction. Issue in fact seems to have been taken on this plea, and testimony heard; but afterwards the justice overruled it, and Chilson refused to plead further. Plaintiff finally recovered judgment. Upon special appeal the respondent refused to order a trial upon the plea to the jurisdiction, and mandamus is asked to require him to do so.

In *Henderson v. Desborough*, 28 Mich. 170, it was held that when the affidavit in replevin made out a case within a justice's jurisdiction, the justice could not dismiss the case upon its appearing on trial that the property was worth more, and not worth $500.

As it has always been held that a justice loses jurisdiction when a case is made out beyond it, that case is authority that where the value falls short of $500, which is the constitutional limit, the jurisdiction continues, and if the defendant prevails he can recover the value of the property if not beyond that sum. In deciding that case the language was somewhat guarded, and did not, in express terms, preclude a plea in abatement. But such was its practical effect, as no such plea was ever necessary to destroy the jurisdiction of a justice depending on the sum in controversy, if shown on the trial to be excessive.

No harm could come to the defendant by such a ruling, for if the case should be dismissed for want of jurisdiction his only valuable remedy would be a judgment of return; and if $100 is the absolute limit of a justice's jurisdiction in

replevin, it might be difficult, without further legislation, to obtain relief if the property cannot be had. Under the rule in the case cited, the full value can be assessed and judgment given for it. The jurisdiction attaches according to the claim of the affidavit, and, having attached, continues to judgment, at least up to $500, which more than covers this case.

The mandamus is denied.