## BURDETT *v.* DOTY.

*(Circuit Court, E. D. Michigan.  May 6, 1889.)*

REPLEVIN—JURISDICTION.
>    Where a writ of replevin was inadvertently issued in a case of which the court had no jurisdiction, and the property was turned over to the plaintiff pursuant to a statute of the state, *held*, that the court was not authorized to enter a judgment for a return of the property, or to assess its value; its power is limited to dismissing the writ.

At Law.   On motion to set aside assessment of damages.

This was an action of replevin begun on the 21st of March, 1887, for a stock of clothing appraised at $653.38.   By the writ the property was described as exceeding $500 in value.   The suit was commenced in ignorance of the statute of March 2, 1887, raising the minimum of jurisdiction from $500 to $2,000.   The property was delivered to the plaintiff in replevin upon his executing a bond under the statute of this state, conditioned upon the prosecution of his suit to effect.   On the 9th day of January, 1888, an order was made dismissing the case for want of jurisdiction, and directing a return of the property seized under the writ.   The defendant waiving a return of the property, a further order was made that he recover its value, to be assessed by a jury, irrespective of the question of plaintiff's right, title, interest, or ownership therein. Damages were assessed at $900.   An application was subsequently made to the supreme court for a writ of *mandamus* to vacate this judgment, which was denied.   *Ex parte Burdett*, 127 U. S. 771, 8 Sup. Ct. Rep. 1394.   Motion was then made to set aside the order assessing these damages, upon the ground that the court had exceeded its power.

*Griffin & Warner*, for plaintiff.

*C. P. Black*, for defendant.

BROWN, J.   There is no question that the case was properly dismissed for want of jurisdiction, as the amount in controversy was far less than $2,000.   It is but just to counsel to say that the passage of the act increasing the minimum jurisdictional amount from $500 to $2,000 was not generally known to the profession at the time this suit was begun.   The court, however, went further, and ordered a return of the property replevied, upon the authority of *Mail Co.* v. *Flanders*, 12 Wall. 130.   This was a bill in equity against a treasury agent of the United States and an auctioneer, setting forth that the treasury agent

had seized two steam-boats, and was about to sell them, under the Captured and Abandoned Property act. An injunction and writ of sequestration were issued, under which the marshal took possession of the steamers. The court decided that it had no jurisdiction with respect to one of the steamers, and ordered it restored to the treasury agent. This action was held to be correct, Mr. Justice CLIFFORD observing that, "where the circuit court is without jurisdiction, it is in general irregular to make any order in the case except to dismiss the suit, but that rule does not apply to the action of the court in setting aside such orders as had been improperly made before the want of jurisdiction was discovered." Had the property in this case, at the time the suit was dismissed, been in the possession of the marshal, it is probable that the order for its return to the defendant would have been correct; but, as the property in fact had been delivered to the plaintiff under the statute, the order was extrajudicial, and I am satisfied that the court went too far in assessing the value of the property against the plaintiff. Authority for this proceeding is claimed to be found in sections 8346 and 8347, How. Ann. St., the first of which provides that if the property shall have been delivered to the plaintiff, and the defendant recover judgment by discontinuance or nonsuit, such judgment shall be that the defendant have return of the goods and chattels replevied, with damages for detention. Section 8347 further provides that, instead of taking judgment for such return, he may take judgment for the value of the property replevied, in which case such value shall be assessed upon the trial, or upon assessment of damages. These sections, however, cover only cases of voluntary discontinuance or nonsuit, and are not, in terms at least, extended to cases dismissed for the want of jurisdiction. The injustice of the order in this case is apparent from the fact that the plaintiff is precluded from showing that the goods were in truth his own, and compels him to pay the defendant for them, although he may in fact have no title to them. The writ was simply a nullity. While it conferred upon the plaintiff no rights which he had not previously possessed, it took away none which he actually had. The case then reduces itself to this: May not a person who enters a store or dwelling-house of another, and carries off a piece of property, show in defense of an action of trespass or trover, that the property in reality did belong to himself, and that the other party had obtained possession of it by fraud? It is entirely clear that he may. The only object, then, of a writ of replevin is to enable him to do by force and by authority of law that which he might otherwise do peaceably.

The difficulty in the present case is that the court, after dismissing the case for want of jurisdiction, proceeded to a step which could only be taken upon the theory that the court had jurisdiction, viz., the return of the property and the assessment of defendant's damages. This was done by the court of common pleas in *Jordan* v. *Dennis*, 7 Metc. 590, and it was held by the supreme court of Massachusetts that the judgment for the return of the property was erroneous. Such was also the ruling of the supreme court of this state in *Parsell* v. *Circuit Judge*, 39

Mich. 542, in which the writ was quashed as void because it did not describe the goods taken. The identical question involved in this case was also passed upon in *Gray* v. *Dean,* 136 Mass. 128. In that case the value of the replevied property was below the minimum amount of which the court had jurisdiction. The superior court proceeded to make an order for the return of the property, and the supreme court held it to be erroneous.

The cases relied upon by the defendant do not support his contention. In *People* v. *Tripp,* 15 Mich. 518, the writ of replevin was not served a sufficient time before the return-day, and the justice declined to proceed, and a discontinuance was entered. This was within the very words of the statute. There was no evidence that the court did not originally have jurisdiction of the case. In *Forbes* v. *Judge,* 23 Mich. 497, the service of the writ was set aside as having been made after the return-day. This was held, in effect, to amount to a discontinuance; but there was no evidence in that case that the court did not have jurisdiction to issue the writ. In *Fleet* v. *Lockwood,* 17 Conn. 233, the writ was abated for want of a bond for prosecution, and a judgment that the plaintiff return the goods and chattels replevied was held to be correct, but no question was made concerning the jurisdiction.

We are clear in the opinion that there was no power in the court to order a return of the property after it had been delivered to the plaintiff, or to assess the plaintiff's damages, or to pass upon the question of title as between the parties. As it seems to be conceded that no action will lie upon the bond, (section 8352,) except after an execution returned unsatisfied, it follows that the defendant must seek his remedy by an action against the officer, or against the plaintiff in replevin.

An order will be made vacating the judgment for return and the order assessing damages, as having been improvidently made, and the case will be dismissed for want of jurisdiction.