CHARLES VOGEL ET AL.

v.

THE PEOPLE, FOR USE, ETC.

*Replevin—Jurisdiction of Justice—*Retorno*—Failure by Constable to Execute Writ of—Action on Bond.*

1.   Defects which do not go to the jurisdiction of a court over the subject matter in a given case, may be waived, but want of jurisdiction over the subject of the controversy itself is an incurable defect.

2.   A justice has no jurisdiction to issue a writ of *retorno* in an action of replevin, it appearing upon trial that the property in question is worth more than $200.

[Opinion filed December 11, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. E. H. MORRIS, for appellants.

Mr. W. C. MINARD, for appellees.

WATERMAN, J.   In this case it appears that one Henry W. Peterson brought before a justice of the peace, a suit of replevin against Rose Ruohs.   The justice's docket contains a recital setting forth that on August 13th the case was called, and on oath of defendant that the property was worth over

Vogel v. The People.

$200, was dismissed, and a writ of *retorno habendo* ordered; this writ was, some three weeks after it was issued, delivered to the appellant Vogel, to execute, he being the constable who had executed the original replevin writ, by virtue of which he had taken from Rose Ruohs a quantity of personal property and delivered the same to Peterson, the plaintiff in the action of replevin.   Peterson had stored the goods in a warehouse.   Vogel, after keeping the writ of *retorno* a few days, returned the same unexecuted.   It was in evidence that in returning it he explained his neglect to execute by saying that unless the storage charges were paid, Rose could not get her goods.

Rose Ruohs thereafter brought this suit upon the constable's bond given by Vogel.   In her declaration she alleged that before Justice Bradwell she recovered a judgment; that the right of property in and to certain described goods of the value of $1,000 was adjudged to be in her, and that she sued out the said writ of *retorno* therefor and delivered the same to said Vogel, who neglected to execute the same.   Upon the trial of the action upon the constable's bond, the plaintiff, defendant in the replevin suit, testified that the goods were worth $1,200; there was verdict and judgment for the plaintiff for the sum of $5,000 debt, damages $700, from which judgment appellants appeal.

The vital question in this case is, in an action of replevin before a justice of the peace, where, upon the trial, it for the first time appears that the property in controversy which has been taken upon the writ is worth more than $200, has the justice then jurisdiction to issue a writ of *retorno* for such property?

The jurisdiction of a justice of the peace is statutory, and presumptions extending it beyond the plain limits of the statute can not be indulged.   The statute gives to justices jurisdiction, " In actions of replevin when the value of the property claimed does not exceed $200."

It is clear that if the original affidavit filed states the value of the property sought to be replevied to be above $200, the justice had no jurisdiction to issue any process.   Can, then,

the plaintiff, by placing the value of the property at $200 or less, give the justice jurisdiction to determine the right to property manifestly of the value of $1,000? Does not the justice, so soon as it appears to his satisfaction that the property under consideration is worth more than $200, lose all jurisdiction to further proceed in the case? Consent can not confer jurisdiction over the subject-matter of litigation, and, if consent can not, it would hardly seem as if misrepresentation could.

Where, upon a trial of an action of replevin before a justice of the peace, he, finding for the defendant, issues a writ of *retorno*, the validity of such writ depends entirely upon its being one which the justice had jurisdiction to issue. This jurisdiction is limited to cases wherein the value of the property does not exceed $200. The issue of a writ of *retorno* is an exercise of jurisdiction as much as an entry of judgment for plaintiff, and jurisdiction over the subject-matter is absolutely essential to the validity of either.

This is not merely a matter of first impression. In the case of Jordan v. Dennis, 7 Met. 590, at the instance of the plaintiff, who had sued out the writ and against whom a writ of *retorno* had been awarded by the justice, the Supreme Court of Massachusetts set aside such writ because issued in an action of replevin whereof the justice had no jurisdiction, but, following Cary v. Daniels, 5 Met. 296, sustained the judgment against the plaintiff for costs. Jordan v. Dennis has been followed in Gray v. Dean, 136 Mass. 128.

Defects which do not go to the jurisdiction of the court over the subject-matter may be waived, but want of jurisdiction over the subject of the controversy itself is an incurable defect. Cobbey on Replevin, Sec. 1209; Bank v. Pearsons, 44 Gray, 521; Ginn v. Rogers, 4 Gilm. 131; Peak v. The People, 71 Ill. 278; Fleischman v. Walker, 91 Ill. 318.

The justice having no jurisdiction to issue the writ of *retorno*, the writ was void, and no action can be maintained for the failure of Vogel, the constable, to execute it. The judgment of the court below is therefore reversed.

                                        *Judgment reversed.*