## CHARLES B. PARKER v. JOHN BRADFORD.[1]

### June 7, 1897.

### Nos. 10,592—(120).

**Justices of the Peace—Jurisdictional Amount—Plea in Bar.**

Where the affidavit and complaint, in replevin, in justice court, state the value of the property at $100 or less, the justice acquires jurisdiction to proceed and dispose of the case on the merits, though the value is in fact more than $100, unless the defendant, as he may do, pleads and proves, in bar to the jurisdiction, the fact that the value exceeds the jurisdictional limit. But pleading the fact alone does not oust the justice of jurisdiction. The fact must also be proven and determined in favor of the defendant. When this is done, the jurisdiction thenceforth, and not before, ceases for all purposes, except the entry of the statutory judgment of dismissal in replevin cases.

**Same—Evidence as to Jurisdiction.**

Evidence herein considered, and *held* to be substantially conclusive that the value of the horse in question exceeded $100.

Action by Charles B. Parker against John Bradford. From a judgment of the district court for Sherburne county, Baxter, J., reversing the judgment of the justice before whom the case was tried and in favor of defendant, plaintiff appealed. Affirmed.

*J. C. Tarbox*, for appellant.
*John H. Rhodes*, for respondent.

START, C. J. This is an action of replevin, originally brought in justice's court, to recover the possession of a racing horse. The affidavit upon which the writ was issued and the complaint each stated the value of the horse to be $100. The answer denied plaintiff's title and right to the possession of the horse, and alleged that the horse was of the full value of $150. Plaintiff had judgment in the justice's court. The defendant appealed, on questions of law only, to the district court, which reversed the judgment of the justice, and judgment was entered in favor of the defendant for a return of the horse, from which judgment the plaintiff appealed.

1. His first three assignments of error are to the effect that the

[1] Reported in 71 N. W. 619

trial court erred in holding that the appeal was taken upon questions of law alone, and that the notice of appeal be corrected by striking therefrom the words "and fact," which had been inserted therein without authority.   It seems from the record that the district court, on defendant's motion, struck from the notice of appeal from the judgment of the justice the words "and fact," as having been inserted without authority, and directed that the action stand for trial upon questions of law alone.   There is no bill of exceptions or certificate of the trial judge showing that the record contains all that was presented or considered on the motion.   Neither does the clerk certify that the return contains all of the records and files in the case; hence we have no record before us which enables us to review the order of the court which the plaintiff here challenges.   Hospes v. Northwestern, 41 Minn. 256, 43 N. W. 180; Du Toit v. Fergestad, 55 Minn. 462, 57 N. W. 204.

2. The defendant, on the trial before the justice, proved that the value of the horse exceeded $100, and, at the close of the evidence, moved the court to dismiss the action, on the ground, among others, that the court had no jurisdiction of the action.   Motion denied, and exception by defendant.   The district court reversed the judgment of the justice, on the ground that, the value of the horse being more than $100, the justice had no jurisdiction, and should have dismissed the action.   A justice of the peace in an action of replevin has jurisdiction where the value of the property in controversy does not exceed $100, but, where the value exceeds this amount, he has no jurisdiction.   State Const. art. 6, § 8; G. S. 1894, § 4959.   The general rule is, as claimed by the plaintiff, that the amount claimed by a plaintiff is the amount in controversy.   Crawford v. Hurd, 57 Minn. 187, 58 N. W. 985.   For example, in an action of trover for the recovery of damages, if the amount which the plaintiff claimed to recover was $100 or less, the amount claimed would be the amount in controversy, and a justice of the peace would have jurisdiction of the action, though the value of the property converted exceeded $100. So, too, in an action of replevin, where the plaintiff claims in his affidavit and complaint that the value of the property is $100, and there is no issue as to its value being more, a justice of the peace has jurisdiction to render a judgment on the merits, though the evidence

incidentally shows that the value is in excess of $100, because in such a case there is no controversy as to the property being of a greater value than $100. But it is not true, as urged by the plaintiff, that the claimed value of the property, as made by the plaintiff in his affidavit and complaint, conclusively establishes the jurisdiction of a justice of the peace in an action of replevin.

None of the cases in this court cited and relied on by the plaintiff sustain his contention. The case of Barber v. Kennedy, 18 Minn. 196 (216), was an action for the recovery of money only. Judgment was demanded for $100, and this court, following the general rule that the amount claimed was the amount in controversy, held the justice had jurisdiction of the action, although the defendant pleaded a counterclaim of $231. Clearly, the defendant could not oust the jurisdiction of the justice to try plaintiff's cause of action, of which he had jurisdiction, by pleading a counterclaim of which he had no jurisdiction. The case of Wagner v. Nagel, 33 Minn. 348, 23 N. W. 308, was an action for the recovery of money only, and the court followed the general rule that the amount claimed was the amount in controversy. These cases are based upon the common-sense proposition that, in an action for the recovery of money, a party may waive a part of his debt, and, as to the part waived, there is and can be no controversy; but in an action of replevin, where the plaintiff, as in this action, claims and secures on the writ a horse or other indivisable property, he cannot waive a part of the horse or other property, and leave the balance to the defendant.

It was the horse which was the subject-matter of the controversy in this action, and not the right to recover a given sum not exceeding $100; and if, in fact, his value exceeded that amount, the plaintiff could not conclusively and irrevocably confer jurisdiction upon the justice to render judgment on the merits, by alleging his value at a less sum. If a plaintiff in an action of replevin in a justice court could conclusively establish the jurisdiction of the justice, by stating in his complaint that the value of the property was $100 or less, when it was undisputed that the value was greater, then, as pertinently suggested by the trial court, property of the value of thousands of dollars might be taken from the possession of a party on a writ of replevin issued by a justice of the peace, and the defendant would be powerless to prevent the justice from trying a cause, and giving

judgment on the merits, in an action of which he had in fact no juris-
diction. A defendant cannot thus be forced to trial to defend his
title to his property in a court having in fact no jurisdiction of the
subject-matter, at the pleasure of a plaintiff, who is willing to state
the value of the property at $100 or less. Were such the law, it
would lead to great abuses and injustice.

On the other hand, it must be admitted that a rule permitting the
defendant, in an action of replevin in justice court, to plead and prove,
in bar of the jurisdiction of the court, that the value of the property
exceeds $100, is liable, in practice, to abuses, whereby injustice may
possibly be done to parties who, honestly believing that the value of
the property in controversy does not exceed $100, invoke the jurisdic-
tion of a justice court, and are cast in costs, after a trial on the
merits, because the court or jury find the value to exceed $100. But
this furnishes no reason why the plain mandate of the statute, to the
effect that a justice of the peace shall not have jurisdiction in an
action of replevin where the value of the property exceeds $100, should
be disregarded. Moreover, the injustice resulting from the practical
application of the rule is more seeming than real, for, unless the
defendant, by his answer, expressly advises the plaintiff that the
jurisdiction of the justice is to be challenged, by alleging expressly
that the value of the property exceeds the limit of the court's juris-
diction, he cannot raise any question of jurisdiction depending on
values. Hecklin v. Ess, 16 Minn. 38 (51); Henderson v. Desborough,
28 Mich. 170.

There is no opportunity to take the plaintiff by surprise on the
question of jurisdiction, and, if the issue is tendered and determined
in favor of the defendant, the plaintiff may still save his rights by an
appeal to the district court on questions of fact, or of law and fact.
The rule we have suggested was recognized by this court in the case
of Hecklin v. Ess, though the question was not directly before the
court. Upon principle and authority, we hold that where the affidavit
and complaint in replevin in justice court state the value of the prop-
erty at $100 or less, and the bond is given, the justice acquires juris-
diction to proceed and dispose of the case on the merits, though the
value is in fact more than $100, unless the defendant, as he may do,
pleads and proves, in bar to the jurisdiction, the fact that the value
exceeds the jurisdictional limit. But pleading the fact alone does

not oust the justice of jurisdiction. The fact must be proven and determined in favor of the defendant. If this is done, the jurisdiction of the justice, thenceforth and not before, ceases for all purposes, except to enter the statutory judgment of dismissal in replevin cases. Hecklin v. Ess, 16 Minn. 38 (51); Darling v. Conklin, 42 Wis. 478.

3. In the case at bar the justice did not determine that the value of the horse was more than $100. On the contrary, by awarding judgment on the merits, he must have found that the value did not exceed the jurisdictional limit. Unless such finding is manifestly and palpably unsupported by the evidence, it was error for the district court to reverse the judgment. The plaintiff gave no evidence whatever as to the value of the horse, and the only evidence as to the value is the testimony of the defendant, who stated that it was $200, and his evidence is undisputed. It is true that mere opinion evidence as to value, though uncontradicted, is not ordinarily conclusive on the court or jury. If this was an ordinary horse, the claim of the defendant that the justice did not err in finding the value of the horse to be more than $100 would be correct. But the horse was a racing horse, and the plaintiff himself, though a veterinary surgeon, and a keeper of a livery stable, testified that he could not tell the value of such horses, that it depended upon their speed, and that he knew nothing of the speed of the one in question. It was practically admitted by the plaintiff on the trial that the horse was a thoroughbred, and his value depended upon his racing qualities. Upon the whole evidence, we are of the opinion that the district court was correct in holding the evidence substantially conclusive in favor of the defendant on the question that the value exceeded the jurisdictional limit, and that the judgment of the justice should therefore be reversed.

4. The last contention of the plaintiff is that the judgment entered in the district court is not in accordance with the order for judgment. This is correct. The judgment is on the merits. It should have been the statutory judgment of dismissal in replevin, and the alternative judgment in case the property could not be returned should have been limited to the value alleged in defendant's answer. The remedy, however, for the correction of these errors, was by application to the district court to correct the judgment to correspond with its order. Oldenberg v. Devine, 40 Minn. 409, 42 N. W. 88.

Judgment affirmed.