FORTENBERRY *v.* GAUNT.

Opinion delivered June 22, 1901.

JUSTICE OF THE PEACE—JURISDICTION—ATTACHMENT.—Under Const. 1874, art. 7, § 40, giving to justices of the peace jurisdiction in suits for the recovery of personal property where the value does not exceed $300, the circuit court, on appeal from a justice of the peace, can, upon a dissolution of an attachment, give judgment for the return of the property attached or its value, where the value does not exceed $300.

Appeal from Jackson Circuit Court.

FREDERICK D. FULKERSON, Judge.

STATEMENT BY THE COURT.

A raft of logs owned by Gaunt & Layman was allowed to strike and break a ferry rope belonging to Fortenberry & Rattan, who owned a ferry on Black river. They thereupon brought suit against Gaunt & Layman before a justice of the peace for $20 as damages, and procured the issuance of an attachment, and had the same levied upon the rafts of the defendant. On an appeal to the circuit court, there was a judgment in favor of the plaintiffs for $10, but the attachment was dismissed. Afterwards, the cause coming on to be heard upon the defendant's claim for the return of the ·property or its value, and it appearing that the property had been disposed of and could not be returned, the court impaneled a jury, who assessed the value of the attached property at $263. The court thereupon deducted the $10 recovered by the plaintiffs, and gave judgment against them in favor of the defendants for the balance. Plaintiffs appealed.

*J. C. Yancey* and *Morris M. Cohn,* for appellants.

A joint judgment against two parties cannot be appealed by one of them; and the judgment of the circuit court is void. Murfr. Jur. of Just. § 689; 4 Baxt. 378; 2 Overton, 189.; 49 Kan. 313; 50 Kan. 331; 13 La. Ann. 296; 4 Dev. 217; 8 Ired. 371; *id.* 460; 6 S. & R. 315. The jurisdiction of justices of the

S C—28

peace in regard to claims for damages to personal property is limited to one hundred dollars. 66 Ark. 346; Const. art. 7, § 40; 31 Ark. 219; 40 Ark. 78; 41 Ark. 477; 44 Ark. 100; 47 Ark. 100. The damages for wrongful attachment of personal property is within this rule; and it applies as well to a counter-claim or set-off as to the original action. 57 Ark. 257; 67 Ga. 515; 83 N. C. 539; Murfr. Jur. Just. §§ 127, 129; 43 Ark. 107; 61 Ark. 13. The justice court being without jurisdiction, none was acquired by the circuit court on appeal. 57 Ark. 257, 266; 48 Ark. 349, 353. This defect could not be cured by remittitur. 43 Ark. 107, 111; Murfr. Jur. Just. § 129.

*Gustave Jones,* for appellees.

If appellants deemed the verdict excessive, they should have saved an exception thereto. 45 Ark. 524; 28 Ark. 188. The justice had jurisdiction. *Cf.* 61 Ark. 33.

RIDDICK, J., (after stating the facts). This action was commenced before a justice of the peace by attachment. The only question presented by the appeal to this court is whether the circuit court, on appeal from a justice of the peace, can, upon a dissolution of an attachment, give a judgment for the return of the property attached or its value, where the value exceeds $100. On an appeal from a justice of the peace, the circuit court has only the jurisdiction that the justice of the peace had. But a justice of the peace has jurisdiction in suits for the recovery of personal property, when the value of the property does not exceed the sum of $300. Const. art. 7, § 40. And in an action to recover personal property, when delivery of the property cannot be had, the court may give judgment for the value thereof. Sand. & H. Dig., § 6398. A justice of the peace may render such a judgment when the value of the property does not exceed $300.

Now, in this case, when the attachment had been dismissed, the defendants claimed the return of the property or its value. If the property could have been returned, the judgment would have been for the return of the property; but, as the return could not be had, the court gave judgment for its value. As this value did not exceed the $300, we think the court had jurisdiction. The plaintiff did not ask for damages to the property, but their claim in this case, after the dismissal of the attachment, was in the nature of a suit for the property, and the judgment for the value was in

lieu of the property itself, which could not be returned. *Norman v. Fife*, 61 Ark. 33. The question, we admit, is not altogether clear, but we are of the opinion that the judgment is right; and it is therefore affirmed.