KAUFMAN *v.* KELLEY.

Opinion delivered March 10, 1906.

JUSTICE OF THE PEACE—JURISDICTION.—Where, in replevin before a justice
    of the peace, the affidavit of the plaintiff showed that the property
    was worth $300, the constitutional limit of a justice's jurisdiction, and
    the evidence shows that it was of value exceeding that amount, the
    justice of the peace had no jurisdiction, and the circuit court acquired
    none on appeal.

Appeal from Yell Circuit Court, Danville District; *Edward
W. Winfield,* Judge, on exchange; reversed.

*H. M. Jacoway, Jr.,* and *Walter D. Jacoway,* for appellants.

Appellee, *pro se.*

BATTLE, J. This action was instituted by Kaufman & Wilson
against Lem Briggs, constable, and Kelley & Clement, before a
justice of the peace, to recover possession of certain personal
property, alleged in the affidavit filed by plaintiffs to be of the
value of $300. It was dismissed as to Kelley & Clement, and J.
L. Kelley was made a defendant. On a trial before the justice
of the peace, plaintiffs recovered judgment, and the defendants
appealed to the circuit court. In the circuit court the defendants
moved to dismiss the action because the justice of the peace had
no jurisdiction, the property in controversy being worth more

than $300. The motion was overruled. In the trial which followed the evidence adduced proved that the property was of a value exceeding $300. Thereupon the defendants again moved to dismiss the action because the justice of the peace did not have jurisdiction, and the motion was overruled. The jury returned a verdict in favor of the defendants, and found the value of the property to be $325.

The Constitution of this State provides that justices of the peace shall have "concurrent jurisdiction in suits for the recovery of personal property where the value of the property does not exceed the sum of three hundred dollars." Art. 7. § 40. The value which determines the jurisdiction is the real value, and not the alleged value of the property. That having been shown in this case to exceed $300, the justice of the peace had no jurisdiction, and the circuit court acquired none by appeal. The motion should have been sustained. *Davenport* v. *Burke,* 91 Mass. 116, and cases cited: *Sackett* v. *Kellogg,* 2 Cush. 91; *Corbell* v. *Childers,* 17 Oreg. 528; *Vogel* v. *People,* 37 Ill. App. 388; *Darling* v. *Conklin,* 42 Wis. 478; *Chilson* v. *Jennison,* 60 Mich. 235; *Sandford* v. *Scott,* 3 Conn. 244; *Small* v. *Swain,* 1 Me. 133.

The judgment of the circuit court is reversed, and the action is dismissed for want of jurisdiction.