ELLIS, GUARDIAN, *v*. CARUTHERS, ADMINISTRATOR.

## Opinion delivered January 20, 1919.

1. JUDGMENT—CONCLUSIVENESS—PARTIES.—A judgment is conclusive only between the parties and their privies.

2. JUDGMENT—CONCLUSIVENESS.—A judgment in an action between an administrator and the surviving wife of his intestate awarding to the former possession of certain notes did not bar an action against him by the guardian of intestate's daughter named as payee in such notes, who was not a party nor privy to any party to the former action.

3. REPLEVIN—BURDEN OF PROOF.—In replevin to recover possession of certain notes, plaintiff is required to prove ownership and right of possession.

4. REPLEVIN—RIGHT TO POSSESSION—SUFFICIENCY OF EVIDENCE.—In replevin against an administrator brought by the guardian of intestate's daughter to recover certain notes, evidence that the notes were payable to such daughter was sufficient to warrant inference by jury that she was owner of the notes and entitled to possession.

Appeal from Fulton Circuit. Court; *J. B. Baker,* Judge; reversed.

### STATEMENT OF FACTS.

This is an action in replevin by Oscar Ellis, as guardian of Madeline Hightower, a minor, against G. M. Caruthers, as administrator of the estate of S. W. Hightower, deceased, to recover the possession of three promissory notes which he alleged belonged to his ward and which were wrongfully detained from her by the

defendant.  The notes in question were introduced in evidence and were payable to the order of Madeline Hightower.  Oscar E. Ellis was appointed guardian for Madeline Hightower, a minor, on the 19th of June, 1918. At the time she was between fifteen and sixteen years of age.  G. M. Caruthers was appointed administrator of the estate of S. W. Hightower, deceased, and brought suit against Allie V. Hightower, his widow, for the possession of these notes.  In that suit Mrs. Hightower was represented by Oscar E. Ellis, who is now the guardian of Madeline Hightower and her attorney in this suit.  In that suit, Allie V. Hightower, the mother of Madeline Hightower, alleged that she was the owner of the notes sued on in this case, and upon trial of that issue a judgment was rendered in favor of G. M. Caruthers, as administrator of the estate of S. W. Hightower, deceased. Madeline Hightower was not made a party to that suit and it was determined before the present suit was instituted and the notes in question were taken from the possession of Allie V. Hightower and delivered to G. M. Caruthers, as administrator of the estate of S. W. Hightower, deceased.

The circuit court was of the opinion that, under the facts stated, the plaintiff in the present action was estopped from claiming ownership in the notes in controversy and therefore directed the jury to return a verdict in favor of the defendant, which was accordingly done.

From the judgment rendered, the plaintiff has duly prosecuted an appeal to this court.

*Ellis & Jones,* for appellant.

1.  The court erred in permitting evidence relative to all the dealings with and the judgment against Allie V. Hightower; and on any question of estoppel.

The defendant did not plead estoppel and did not rely upon it.  Estoppel must be alleged; the specific facts, acts, conduct or admissions relied upon to constitute it must be alleged and proved.  Nothing can be supplied

or inferred. Pomeroy's Equity Jurisprudence, Vol. 2, pp. 1430-1431-1432; 97 Ark. 49; 65 N. W. 604; 83 Fed. 725-34; 51 Ark. 75; 85 Ark. 556; 87 Ark. 206-213.

2. The court erred in directing a verdict for appellee.

Madeline Hightower was not a party to the suit against Allie V. Hightower and was not bound by it. She was a minor and without a guardian. It is not shown that her acts, conduct or admissions, was with the intention to deceive, and does not amount to constructive fraud.

3. The court erred in refusing to find for the plaintiff.

The undisputed, competent, admissible and relevant testimony shows that appellant was the duly appointed guardian, he had made due demand for the possession of the notes sued for. The notes were made payable to Madeline Hightower, they show on their face to be her property. *Prima facie* they are her property. There was no testimony to overcome this.

HART, J., (after stating the facts). The judgment of the trial court was wrong. A judgment is conclusive only between the parties and their privies. *Thompson* v. *Southern Lumber Co.,* 113 Ark. 380, and cases cited. Madeline Hightower was not a party to the suit between G. M. Caruthers, administrator of her father's estate, and Allie V. Hightower, her mother, in which the former sued the latter for the possession of the notes in controversy in this case. She was not a privy in interest to any of the parties to that suit. The notes showed on their faces that they were payable to Madeline Hightower and there is nothing in the record to show that she derived title thereto from her mother. So far as the record discloses, if she had title to the notes, it was independent of her mother, and she was neither a party nor a privy to the suit between the administrator of her father's estate and her mother for the possession of these notes. She was not bound by the judgment therein. The judgment

in that suit was evidence of nothing in the present suit except that it had been rendered. *Thompson* v. *Southern Lumber Co., supra,* and *Biederman* v. *Parker,* 105 Ark. 86, and cases cited.

The plaintiff, however, had no right to maintain this action unless his ward was the owner of the notes or had the right to the possession of them and the burden of proof to establish this fact was upon him. *Collin County Grain Co.* v. *Andrews,* 110 Ark. 597. It was shown by the plaintiff that the notes were made payable to her and that they were in the possession of her mother, with whom she was living before the present suit was instituted, and before the defendant in the present action obtained possession of them. As we have just seen she was not bound by the ruling of the court in the suit between the administrator of her father's estate and her mother for the possession of these notes, and under the facts just recited, the jury might have inferred that she was the owner of the notes and entitled to the possession of them.

Therefore, the court erred in directing a verdict for the defendant, and for that error the judgment must be reversed and the cause will be remanded for a new trial.