KNUCKLES *v.* PRESSLEY.

Opinion delivered November 22, 1920.

1. LANDLORD AND TENANT—BREACH OF CONTRACT—INSTRUCTION.—In an action for breach of a share-cropper's contract, which required the cropper to work for the landlord when not engaged in making the crop, it was error to refuse to instruct the jury that if the cropper refused to work for the landlord in accordance with the contract the landlord would be entitled to damages.

2. LANDLORD AND TENANT—MUTUALITY OF CONTRACT.—A contract which requires a share-cropper to work for the landlord when not working on the crop, and required the landlord to pay him certain wages during the year, is not unilateral.

3. LANDLORD AND TENANT—DAY'S WAGES—CONSTRUCTION.—A contract calling for the employment of a share-cropper at specified daily wages contemplates an ordinary and customary day's work,

and the landlord's demand that he work from 12 to 14 hours a day would be legal excuse for not working for the landlord.

4. JUSTICES OF THE PEACE—JURISDICTION.—Where a defendant in a justice's court counterclaimed unliquidated damages, without asking judgment in any particular sum, and a verdict was rendered for defendant for an amount exceeding $300, the error was cured by the defendant remitting the excess.

5. JUSTICES OF THE PEACE—DISSOLUTION OF ATTACHMENT—JUDGMENT. —On the dissolution of an attachment, it was proper to give judgment for the defendant for the value of the attached property where the plaintiff had sold it.

Appeal from Clay Circuit Court, Eastern District; R. H. Dudley, Judge; reversed.

E. G. Ward, for appellant.

1. The court erred in expressing an opinion as to the credibility of the plaintiff when he placed his construction upon the contract in regard to work on farm and at machinery. It was a matter for the jury and not the court to determine the credibility of the witness and the weight of his evidence. 63 Ark. 457; 69 Id. 489; 32 L. R. A. 766.

2. The court erred in instructing the jury that this contract was one of employer, and employer only, when upon its face it shows otherwise. The whole contract must be construed together and the intention of the parties thereto ascertained. 108 Ark. 36.

3. The verdict of the jury and judgment are in excess of jurisdiction. The judgment was for more than $300, and a justice has jurisdiction of damages only for $100. 90 Ark. 105; Black on Judgments, § 138. The court erred in striking from the consideration of the jury the element of damages by reason of the defendant's failure and refusal to labor for plaintiff on farm and at machinery, as mentioned in their contract. It was error to refuse instruction No. 1 for plaintiff. This request correctly states the law.

W. E. Spence, for appellee.

1. There was no error in refusing instruction No. 1 for plaintiff. Appellant excepted but he failed to bring

it into his motion for new trial. His objections to the other instructions, 1 to 7, are too general, and can not be considered. No exceptions were saved to the remarks of the court, and none are shown by the bill of exceptions.

2. The judgment is not in excess of the court's jurisdiction. It was not a suit for damages but for compensation due him for the wrongful taking of his property, and the justice had jurisdiction to the extent of $300. 61 Ark. 33; 69 *Id.* 433. There is no question as to the jurisdiction of the court to render judgment for $300.

SMITH, J. The parties to this litigation entered into the following contract:

"*Know All Men by These Presents:*

"That R. B. Knuckles and C. C. Pressley have this day entered into an agreement whereby the said R. B. Knuckles is to furnish the land, seed, team and tools to cultivate about ten acres of cotton and twelve acres of corn, more or less, on his place located in sections 4 and 9 in township 21 north, range 8 east, in Clay County, Arkansas, and the said C. C. Pressley is to cultivate and gather said crop so raised on said land; both corn and cotton is to be divided equally, half and half.

"It is further agreed between the parties hereto that said C. C. Pressley is to work for said R. B. Knuckles, while not working in the crop, as long as he does reasonably fair work, and the said R. B. Knuckles agrees to pay him the sum and price of $1.50 per day for farm work and $2 per day for work at mill or machinery, all during the year 1919, and the said C. C. Pressley agrees to give possession of said property so occupied on the 1st day of January, 1920, unless a new contract for rent is entered into by said parties hereto.

"Witness our hands and seals on this January 28, 1919. "R. B. Knuckles,
"C. C. Pressley."

The parties disagreed, and litigation resulted, and on October 4, 1919, Knuckles sued out an attachment

against Pressley in the court of a justice of the peace, and claimed damages in the sum of $100 for an alleged breach of the contract by Pressley. An appeal was prosecuted from the judgment of the justice of the peace, and the case was tried in the circuit court before a jury. At this trial each claimed that the other had breached the contract. The court submitted to the jury the questions of fact upon which the attachment was sued out, and the jury found against Knuckles on that issue. Pressley filed no pleading of any kind, but the jury found in his favor for $404. He elected to remit all of said judgment in excess of $300, and the court rendered judgment for that amount, from which is this appeal.

Knuckles testified that Pressley had failed to properly work the crop, or to gather it, and had refused, without right, to work for him on the farm and at the mill when not employed in the crop; but that Pressley had worked at another mill. Pressley assigned several breaches of the contract by Knuckles, and while he admitted that he had refused to work at Knuckles' mill he testified that he refused so to do because Knuckles demanded that he work from twelve to fourteen hours per day. Knuckles gathered and disposed of the crop, and the testimony is conflicting as to the amount of cotton and corn grown and the price received for it.

Knuckles asked only one instruction, and that the court refused to give. The instruction was to the effect that if it was found that Pressley refused to work for Knuckles after a request so to do in accordance with the terms of the contract, Knuckles would be entitled to damages for a breach of the contract. The instruction also stated the measure of damages, and its accuracy as a statement of the law is not questioned. The refusal of the court to give the instruction is defended upon the ground that the court had excluded the testimony upon which this claim of damage was based, and that no objection had been made to that ruling. Counsel is mistaken, however, in this respect. Appellee was being

cross-examined upon this subject, and had just stated that his reason for refusing to work for appellant was· that "I told him I would not work for him twelve or fourteen hours per day." Thereupon the court stated that "that item of damage will be stricken from the consideration of the jury," and to that ruling exceptions were duly saved.

It is insisted that the judgment in appellee's favor is void, inasmuch as the verdict assessing the damages exceeded $300.

We think the instruction requested by appellant, or one of similar purport, should have been given. In other words, the court should not have excluded the question of damages on account of appellee's alleged failure to work for appellant on his farm or at his mill. The contract was not unilateral. The contract required Knuckles to give Pressley work "all during the year 1919" at the prices stated. It was contemplated that Pressley should devote his time to the crop when it needed attention, and that when not so employed he should work for Knuckles either on the farm or at the mill, and that Knuckles should furnish employment under these conditions all during the year 1919. Of course, the provision of the contract fixing the compensation contemplated an ordinary and customary day's work; and if Knuckles demanded that Pressley should labor from twelve to fourteen hours per day to earn a day's pay, this would have afforded Pressley a legal excuse for not working for Knuckles. But that was one of the questions of fact in the case, and the court should not have excluded the testimony, and should have given the requested instruction.

We think there was no failure of jurisdiction. Pressley filed no written pleadings, and had not asked judgment in any particular sum. The jury evidently gave to the testimony in appellee's behalf its highest probative value, as is evidenced by the verdict returned; but the damages claimed were unliquidated and Pressley asked no judgment for an amount in excess of the justice's jurisdiction, as is evidenced by the fact that he

remitted the sum in excess of that jurisdiction. *Hunton* v. *Luce,* 60 Ark. 146.

It was proper, on the dissolution of the attachment, to give judgment for the value of Pressley's interest in the attached property, as Knuckles had sold it. *Fortenberry* v. *Gaunt,* 69 Ark. 433; *Norman* v. *Fife,* 61 Ark. 333.

As the judgment asked by Pressley, and as rendered by the court, does not exceed the jurisdiction of the justice of the peace we would affirm the judgment but for the error above indicated. For that error the judgment is reversed.