HALL v. BENTON.

Opinion delivered October 1, 1923.

1. REPLEVIN—BURDEN OF PROOF.—In replevin the plaintiff is required to prove the ownership of, and right of possession to, the property sought to be recovered.

2. REPLEVIN—EVIDENCE OF VALUE.—Where hogs were impounded and sold for $10, that fact was sufficient to establish their value.

3. ANIMALS—SALE OF IMPOUNDED ANIMALS.—Where hogs of one living outside a city were impounded while running at large in the city contrary to an ordinance enacted under Acts 1915, p. 812, § 1, and were sold in the manner provided by the ordinance on the owner's refusal to pay the charges, he was not entitled to recover them.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

STATEMENT OF FACTS.

This suit was commenced before a justice of the peace by M. A. Hall against the city of Benton to recover three hogs. Upon a judgment rendered against him in the justice court, the plaintiff appealed to the circuit court. There the case was tried before a jury.

Upon the part of the plaintiff it was shown that he lived out in the country from Benton, in Saline County, Ark., and that the hogs in question belonged to him. The plaintiff allowed the hogs to run on the range near his property, and they strayed into the city of Benton, and were impounded. The plaintiff found out about their being taken up on the day following, and demanded the hogs from the authorities at the pound. He refused to pay the charges on the hogs, and on that account the officers in charge of them refused to return them to him. The plaintiff then brought this suit against the city of Benton to recover the hogs.

On the part of the defendant it was shown that the hogs were found running at large within the corporate limits of the city of Benton. The hogs were taken up pursuant to an ordinance making it unlawful for the owner of hogs and certain other enumerated animals

to suffer or permit any such animal to run at large within the incorporate limits of the city of Benton. Upon the plaintiff's refusing to pay the charges against the hogs, the city authorities in charge of the pound refused to deliver them to him, and duly sold them for the sum of $10, as provided by the ordinance in question.

Upon a verdict being returned in favor of the defendant, the circuit court rendered judgment, dismissing the complaint of the plaintiff.

*Isaac McClellan,* for appellant.

The instructions of the court, placing the burden upon plaintiff of showing that his hogs were not in the city limits, are erroneous. Before he could be guilty of an infraction of the ordinance, it must be shown that appellant knew that his stock was running at large within the limits of the corporation and that he permitted them to do so after he had such knowledge. 100 Ark. 504; 73 Ark. 428; 77 Ark. 248.

*Ernest Briner,* for appellee.

There is no bill of exceptions in the record, in the absence of which this court will presume that every fact necessary to sustain the finding and judgment of the court was established by the evidence. 139 Ark. 408. There was testimony showing that the hogs were taken inside the city limits, and the matter was a question for the jury. Where there is any evidence of a substantial nature to sustain the finding of a jury on a question of fact, the verdict will not be disturbed on appeal. 92 Ark. 586; 95 Ark. 321; 103 Ark. 441; 105 Ark. 502; 108 Ark. 425. The question of the value of the hogs was not raised in the trial court and cannot be raised here for the first time. 79 Ark. 293; 96 Ark. 52; 103 Ark. 505. The ordinance in question was based on the authority of act 204 of Acts of 1915, and was valid

HART, J., (after stating the facts). It is first insisted that the court erred in instructing the jury that the burden of proof was upon the plaintiff. We do not think so. In an action of replevin to recover the pos-

session of personal property the plaintiff is required to prove the ownership and right of possession. *Ellis* v. *Caruthers,* 137 Ark. 134. It is also insisted that there was no evidence to prove the value of the hogs. It appears from the record that the hogs were sold for the sum of $10, and this was sufficient to establish their value.

It is next insisted that the evidence is not legally sufficient to support the verdict. The ordinance in question declares it to be unlawful for the owner of hogs and certain other named animals to suffer or permit any such animal to run at large within the incorporate limits of the city of Benton, Ark. The ordinance was passed pursuant to a special act of the Legislature of 1915. Acts of 1915, p. 812.

Section 1 of this act provides for the impounding of certain animals, including hogs, found to be running at large in a city or town, whether owned by a resident of such city or town or a nonresident thereof. The hogs in question were impounded under an ordinance duly passed by the city of Benton under the provisions of this special statute. The hogs were found running at large within the corporate limits of the city, and were duly impounded and sold in the manner provided by the ordinance. The owner of the hogs refused to pay the charges against them as provided by the special statute and ordinance in question. Hence it cannot be said that the evidence is not legally sufficient to warrant the verdict.

It follows that the judgment will be affirmed.