WARE *v.* SHOEMAKER-BALE AUTO COMPANY.

Opinion delivered May 14, 1928.

*G. B. Colvin,* for appellant.

*Frank B. Pittard* and *John H. Quidor,* for appellee.

WOOD, J. This is an action in replevin begun by the plaintiff in the justice of peace court to recover two tractors and a touring car. The property was described in the affidavit, and the total value placed at $277. The value of each separate article was not stated. The plaintiff executed bond required for order of delivery. The property was taken by the sheriff. The defendant did not execute any retaining bond, and the property was delivered to the plaintiff.

The day the cause was set for hearing in the justice court the defendant demurred to the affidavit in replevin, on the ground that the value of each article was not stated. The defendant moved that the affidavit be dismissed and that he be given judgment for the property or its value in the sum of $350 as damages for the wrongful taking. The plaintiff asked and was granted leave to amend its complaint, and did amend same by stating the value of each article of property, but the total value was still shown in the complaint as amended to be $277. The court heard evidence upon the issue of the right to

the property and its value, and thereupon found that the property was of the value of $350, and entered an order directing the plaintiff to restore the property or its value to the defendant.

The attorney for the defendant moved to dismiss the cause because the value of the property taken was in excess of $300, but asked the court to retain the issue as to damages for the wrongful taking. The court retained this issue, and sent the same to the jury. The jury returned a verdict in favor of the defendant for damages in the sum of $192. The justice court thereupon rendered judgment in favor of the defendant against the plaintiff and its bondsmen for that sum, from which the plaintiff duly appealed to the circuit court. When the cause was reached for trial in the circuit court, the parties, by consent, submitted the cause to the court sitting as a jury. The defendant moved to quash the order of delivery, and offered to show that he was damaged by the wrongful taking and withholding of his property. The court overruled his motion to quash the order of delivery, to which ruling the defendant duly excepted.

It appears that there were two trials in the circuit court. On the first trial the court found that the plaintiff was entitled to recover the property, but afterwards set aside this judgment and granted the defendant a new trial. On the second trial the cause was again, by consent, submitted to the court sitting as a jury, and the court found from the evidence that the property in controversy was in excess of $300 in value and therefore beyond the jurisdiction of the justice, and that the circuit court had no jurisdiction, and entered a judgment dismissing the cause for all purposes. From that judgment is this appeal.

The cause is ruled on the question of jurisdiction by the case of *Kaufman* v. *Kelley*, 78 Ark. 176, 95 S. W. 448, where we said:

"The Constitution of this State provides that justices of the peace shall have concurrent jurisdiction in suits

for the recovery of personal property where the value of the property does not exceed the sum of $300. Art. 7, § 40. The value which determines the jurisdiction is the real value, and not the alleged value, of the property. That having been shown in this case to exceed $300, the justice of the peace had no jurisdiction, and the circuit court acquired none by appeal. The motion should have been sustained. *Davenport* v. *Burke,* 91 Mass. 116, and cases cited; *Sackett* v. *Kellogg,* 2 Cush. 91; *Corbell* v. *Childers,* 17 Ore. 528 (21 Pac. 670); *Vogel* v. *People,* 37 Ill. App. 388; *Darling* v. *Conklin,* 42 Wis. 478; *Chilson* v. *Jennison,* 60 Mich. 235, 26 N. W. 859; *Sandford* v. *Scott,* 3 Conn. 244; *Small* v. *Swain,* 1 Mo. 133.''

In that case, as in the case at bar, the defendant moved to dismiss for want of jurisdiction. But the instant case differs from the above case in that the appellant insists that the trial court, upon ascertaining that the justice court, and therefore the circuit court, did not have jurisdiction to determine the rights of property, should nevertheless, under appellant's pleadings and offered proof, have retained the cause for the purpose of quashing the wrongful order of delivery and have entered judgment for the defendant for a return of the property or its value according to the proof which appellant offered to produce. The appellant contends that he was entitled to this relief under § 8656 of C. & M. Digest, which reads as follows:

''Judgment against sureties in plaintiff's bond. If, upon the trial of any such cause, judgment be given for the defendant in the action, the court or jury trying such cause may render judgment, not only against the plaintiff for the value of the property taken under the order of delivery in the case, provided the same has not been surrendered to the defendant, upon bond, as provided for in said § 8649, together with all damages sustained by the defendant in the action, but may, upon motion of the defendant, also render judgment against the sureties upon the bond of the plaintiff for the value of such

property and all damages sustained by the defendant in the action.''

The above statute has no application to judgments rendered dismissing an action in replevin for want of jurisdiction. The above statute contemplates that, where there has been a trial of the cause on the merits and judgment rendered in favor of the defendant, then the court, where the plaintiff is in possession of the property under his bond and order of delivery, and does not surrender same, may render judgment against plaintiff and his bondsmen for the value of the property and the damages sustained by the defendant in the action. But the statute has no application where, as in the case at bar, the action, on motion of the defendant, is dismissed for want of jurisdiction of the subject-matter of the action. This court has ruled in many cases that, ''to maintain replevin for goods, the plaintiff must not only have title, general or special, in them, but must be entitled to immediate possession thereof. Section 8640, C. & M. Digest, subdiv. 3; *Thatcher* v. *Franklin,* 37 Ark. 64-66, and cases cited; *Carpenter* v. *Glass,* 67 Ark. 135-137, 53 S. W. 678; *Hall* v. *Benton,* 160 Ark. 254, 254 S. W. 530; *Ellis* v. *Caruthers,* 137 Ark. 134, 208 S. W. 425.

The right to recover damages for the wrongful taking of property necessarily turns upon the issue as to whether the plaintiff who took possession was the owner of such property and had, at the time of the taking, the right to such possession. It occurs to us that it would be anomalous and illogical, to say the least, to hold that, while the court had no jurisdiction to determine the issue of the right of property and the right of possession, it nevertheless did have jurisdiction to determine that the defendant was wrongfully deprived of the possession of the property and the damages sustained by him because of such deprivation. The statute relied upon by the appellant certainly does not contemplate that the court, not having jurisdiction to try the issue of the right of property and the right of possession, would neverthe-

less have jurisdiction to try the issue of damages necessarily subsidiary to, and growing out of, the issue of ownership and right to possession.

To sustain his contention, counsel for appellant cites the case of *Parker* v. *Bradford*, 68 Minn. 437, 71 N. W. 619, which holds that: "Where the affidavit and complaint in replevin in justice court state the value of the property at $100 or less, and the bond is given, the justice acquires jurisdiction to proceed and dispose of the case on the merits, though the value is not in fact more than $100, unless the defendant, as he may do, pleads and proves, in bar to the jurisdiction, the fact that the value exceeds the jurisdictional limit; but pleading the fact alone does not oust the justice of jurisdiction. Fact must be proved and determined in favor of the defendant, and, when this is done, the jurisdiction of the justice thenceforth, and not before, ceases for all purposes, except to enter the statutory judgment of dismissal in replevin cases." This case cites also *Darling* v. *Conklin*, 42 Wis. 478.

These cases, it would seem, are bottomed upon statutes which the courts construe to mean that, where the action in replevin is brought in the justice court and the complaint alleges the value of the property to be within the jurisdiction of the justice, the justice court, and the trial court on appeal from the justice court, could retain jurisdiction of the cause and enter judgment for damages in favor of the defendant, even though the court ascertained that the justice court had no jurisdiction to try the cause on the merits as to the title and right to possession. We need not review these cases, for they would have no application to our statute, and are not in harmony with our own decisions, and would be unsound as a construction of our own statute. For, in *Kaufman* v. *Kelley*, above, Judge Battle, speaking for the court, says: "The value which determines the jurisdiction in replevin cases is the real value, and not the alleged value, of the property;" whereas, in *Parker* v. *Bradford, supra,* the case

relied on by the appellant, it is held that, if the value of the property is ascertained on the trial to exceed the jurisdiction of the justice, such jurisdiction ceases for all purposes, except the entry of the statutory judgment of dismissal in replevin.

In *Norman* v. *Fife,* 61 Ark. 33, 31 S. W. 740, in an action before a justice of the peace, an attachment was issued and levied upon certain property belonging to Fife upon the execution of an attachment bond by Norman. On appeal to the circuit court, judgment was rendered by that court upon the attachment bond in the sum of $40 and for the return of the property or its value, $311.25. The court said:

"In *Whitesides* v. *Kershaw,* 44 Ark. 377, it was said that, on appeal, the jurisdiction is derived from and dependent upon the appeal; and the circuit court can render no judgment that the justice could not have rendered. The judgment of the circuit court for $311.25 was beyond the jurisdiction of the justice, and therefore void. Neither was it proper for the court to render judgment for damages, and also for a return of the property or its value. * * * If the damages claimed by defendant on account of the issuance of the attachment exceed the sum of $300, his remedy will be by an original suit on the attachment bond in the circuit court." See *Fortenberry* v. *Gaunt,* 69 Ark. 433, 64 S. W. 95, where we held (quoting syllabus): "Under Constitution 1874, art. 7, § 40, giving to justices of the peace jurisdiction in suits for the recovery of personal property where the value does not exceed $300, the circuit court, on appeal from a justice of the peace, can, upon a dissolution of an attachment, give judgment for the return of the property attached or its value, where the value does not exceed $300."

True, these cases were in attachment, but the property was taken out of the possession of the defendant under a bond by the plaintiff under an order of attachment. The statute provides in such cases: "If judgment is rendered in favor of the defendant, attachment shall

be discharged." Section 567, C. & M. Digest. The doctrine of the above cases, by analogy, is applicable here on the issue of jurisdiction and the proper judgment to be rendered in the cause. In both cases the property is taken out of the possession of the defendant on the execution of the bond by plaintiff. As we construe our statute in replevin, *supra,* when the action is disposed of on a plea by defendant in bar, the replevin or order of delivery is discharged, just as an attachment is discharged where judgment is rendered in favor of the defendant in attachment. Certain it is that the Legislature, under § 8656, *supra,* did not have in mind the disposition of the action in replevin on a plea in bar, but only intended to prescribe what may be done upon the final determination of the cause on the merits by jury trial or by the court sitting as a jury.

Under the decision in *Kaufman* v. *Kelley, supra,* it follows that the justice had no jurisdiction. We have held in a long line of cases that, where the justice has no jurisdiction, the circuit court acquires none on appeal from judgment of the justice court. *Levy* v. *Sherman,* 6 Ark. 182; see also *St. Louis S. W. Ry. Co.* v. *O'Neal,* 163 Ark. 193, 259 S. W. 393.

Looking beyond our State, the Supreme Court of Nebraska, in *State ex rel. Savage* v. *Letton,* 56 Neb. 158, 78 N. W. 533, announces the sound doctrine as follows (quoting syllabus): "In an action of replevin, wherein the property has been taken under the writ and delivered to the plaintiff, if the defendant, on motion for such purpose, secures a declaration of the nonjurisdiction of the court over the subject-matter of the suit, and a dismissal thereof for that reason, he is not entitled, by virtue of the provisions of §§ 190 or 1041 of the Code of Civil Procedure, or otherwise, to have a jury impaneled to inquire of his rights of property and possession." See also *Hall* v. *Bloomer,* 1 Pinney's (Wis.) 463; *Jordan* v. *Dennis,* 17 Met. (Mass.) 590; *Gray* v. *Dean,* 136 Mass. 128; *Vogel*

v. *People,* 37 Ill. App. 388; *Smith* v. *Fisher,* 13 R. L. 624; *Burdett* v. *Doty,* 38 Fed. 491; Cobbey on Replevin, § 1198.

It must be remembered that the taking of the property from the appellant under the order of delivery simply changed the possession during the pendency of the action for replevin. This transfer of the possession of the property to the plaintiff under his bond and order of delivery did not determine that the plaintiff was the owner and entitled to possession of the property. That could only be determined where the issue was raised in a court having jurisdiction to determine such issue. See *Moore* v. *Herron,* 17 Neb. 697-701, 24 N. W. 425. The appellant therefore is not without remedy in damages for the wrongful taking of his property, if he indeed be the owner and entitled to possession thereof, and if he was wrongfully deprived of such possession by reason of the taking of his property under the order of delivery obtained by the appellee from the justice court.

Having determined that the trial court had no jurisdiction of the subject-matter of the issue of the title and right of possession in this case, we deem it unnecessary to discuss the construction to be given § 8654a of Crawford & Moses' Digest, because, manifestly, the procedure prescribed by that section applies only in cases where the court has jurisdiction of the subject-matter of the action. Section 8654a, like section 8656, *supra,* has no application and cannot be invoked in actions in replevin where the defendant in the action has succeeded in having the complaint or cause of action dismissed on the ground that the court is without jurisdiction to try the issue of title and the issue of the right to the possession of the property in controversy. See *State* v. *Letton, supra,* and cases there cited.

It follows that the judgment of the trial court is correct, and the same is therefore affirmed.