HARNWELL *v.* HOLLENBERG MUSIC COMPANY.

Opinion delivered October 1, 1928.

*C. P. Harnwell*, for appellant.

*Frank B. Pittard, Kenneth W. Coulter* and *John H. Quidor*, for appellee.

Kirby, J., (after stating the facts). This court on a motion for rehearing has concluded it should be sustained, and appellant's contention that the trial court erred in refusing to quash the summons and to dismiss the cause as against her for want of jurisdiction upheld. The motion to make her a party was made upon the disclosure by the answer of C. P. Harnwell and Mary Bryan that the property belonged to her, and she was duly served with a summons, and no error was committed in not granting the motion on that account; but the value of the property replevied was shown by the undisputed testimony to be in excess of $300, and therefore beyond the jurisdiction of the municipal court. The circuit court acquired no jurisdiction on appeal, and the motion to dismiss should have been sustained. Act 463, Acts of 1921, § 2; *Ware* v. *Shoemaker-Bale Auto Co.*, 177 Ark. 227, 6 S. W. (2d) 285.

Harnwell testified the value of the piano was something between $800 and $1,000 and Hollenberg "thought his company should sell it for $400, possibly $450." Said "he would be willing to sell it for $350 rather than to refuse an offer—that if it wasn't worth more than $200 he would be willing to take it as a cancellation of the debt." His statement that he would be willing to take it in satis-

faction of the debt to his company was without probative force as against his statement, and the other testimony about the value of the piano is not in conflict therewith or contradictory thereof, since he had no interest in it beyond the amount of his debt, a sum less than $300, secured by the mortgage thereon. There is no substantial evidence to support the court's finding that the value of the property replevied was under $300 and within the court's jurisdiction, and the court erred in so holding.

Having reached this conclusion, the other questions need not be discussed, and the motion for rehearing will be granted, the judgment reversed, and the cause remanded, with directions to dismiss for want of jurisdiction. It is so ordered.

HART, C. J., and McHANEY, J., dissent.